# Childress *v.* Monette *et al.*

### Real Action in the Nature of Ejectment.

1. *Mortgage of lands; right of mortgagor in.*—After the execution of a mortgage the legal estate passes to the mortgagee, leaving to the mortgagor the equity of redemption only. Thus, equity may be levied on and sold under execution, and the purchaser, in the absence of fraud or priorities under the registration statutes, acquires only what the defendant in execution had—a mere equity or right to revest himself with the title, on paying the debt secured—which will neither support nor defeat an action of ejectment.

2. *Same; effect of sale under mortgage on right of purchaser of mortgagor's equity.*—A sale in execution of the power given in the mortgage, after the mortgagor's equity of redemption has been sold under execution, cuts off the equity of redemption acquired by the purchaser, as effectually as a decree of strict foreclosure would, and leaves nothing but the statutory right of redemption, which is the personal privilege of the debtor, not the subject of levy and sale under execution at law, and cannot be asserted by a purchase at execution sale, before the statutory right had arisen.

APPEAL from Circuit Court of Hale.

Tried before Hon. M. J. SAFFOLD.

This was a real action in the nature of ejectment by appellant, Childress, against Monette and Boggs, the appellees, to recover a tract of land.

Both parties deduced title from one Brown, who, to secure his accommodation acceptors and endorsers upon a bill of exchange, conveyed the lands to one Sadler, as trustee, empowering him, in default of judgment, to advertise and sell the lands, and make conveyance to the purchaser, &c. This deed was duly executed and recorded on the 17th day of September, 1866.

The bill not having been paid, Sadler, in strict pursuance of the power conferred by the trust deed, advertised, sold and conveyed the lands to plaintiff, on the 20th day of May, 1868, and she took peaceable possession and so remained until the —— day of February, 1870.

On the 18th day of April, 1867, judgments were recovered against Brown, and the sheriff, under executions thereon duly issued, levied on and sold all of Brown's interest or

estate in the lands, and made a conveyance to Tunstall, who, on the 4th day of October, 1869, conveyed the interest acquired at the sheriff's sale, to Monette, who entered and took possession peaceably on the —— day of February, 1869, and so continued at the institution of the suit.

On the 29th day of December, 1869, Monette "made a perfect and complete tender of the amount of the purchase money, &c., as required by the provisions of Chap. IV, on pages 507 and 508 of the Revised Code of Alabama," to the plaintiff, who refused said tender and redemption of said lands, but at the same time proposed to credit said Brown with the amount offered by Monette, upon said bill of exchange, which had been only partially paid by the proceeds of the sale under the trust deed, and was then the property of the plaintiff; the amount due thereon exceeding the tender. Brown was duly adjudicated a bankrupt on the 16th day of December, 1867, and obtained a discharge in November, 1869.

This was the substance of all the evidence, and it does not show why Boggs was made a defendant. The court, at the written request of defendents, charged the jury, if they believed the evidence to find for the defendants, and refused a written charge requested by plaintiff directing the jury to find for her, if they believed the evidence. The plaintiff duly excepted to the charge given and the refusal to charge as requested, and in consequence of these rulings was forced to take a non-suit, with bill of exceptions, &c.

W. & J. WEBB, for appellant.

COLEMAN & SEAY, contra.    .

BRICKELL, C. J.—The deed of trust conveying the lands to Sadler, to secure the payment of the bill of exchange is, in its nature and legal operation, a mortgage. The legal title passed to Sadler, the trustee, leaving in the grantor, the equity of redemption only—the right to revest himself with the legal estate in paying the debt secured. This equity of redemption was not the subject of levy and sale, under execution at law prior to the Code. It is under the Code subject to execution, and the effect of a sale is expressly declared to be the subrogation of the purchaser to all the rights of the defendant, and a subjection to all his disabilities.—R. C. § 2871. As a general rule, no question of fraud arising, or of priority under the statutes of registration, a purchaser acquires only the estate and interest of the defendant in

execution. The character or quality of the estate is as un-affected by the sale, as it would be by descent. The pur-chaser succeeds to the right and title of the defendant in execution, and this is unaltered by the succession. If it is equitable—was in the defendant in execution an equity, it remains an equity in the purchaser. The effect of the statute subjecting an equity of redemption to sale under execution at law, is not to convert the equity into a legal estate, authorizing the purchaser to maintain or defend eject-ment. If he desires to acquire the legal title, and is entitled to its conveyance, he must, as the defendant in execution would have been compelled to do, resort to equity.— *You v. Flinn*, 34 Ala. 415 ; *Simth v. McCann*, 24 How. 404.

In ejectment, or in the real action, the Code provides for the recovery of lands, or the possession thereof, the legal estate and the legal right of possession alone are involved. An equity will not support or defeat the action.—*Nickles v. Haskins*, 15 Ala. 619; *Mitchell v. Robertson, ib.* 412; *Trammell v. Simmons*, 17 Ala. 411; *Sellers & Cook v. Hayes, ib.* 749; *Chapman v. Glassel*, 13 Ala. 50; *Collins v. Robinson*, 33 Ala. 91. All that accrued to the purchaser at the sale under the execution was the equity of redemption of the defendant. This equity is unavailing at law in defense of an action for the recovery of the lands by the owner of the legal estate. It can be asserted and enforced only in equity.

The sale by the trustee Sadler, in execution of the power with which the deed clothed him, was made after the sale of the equity of redemption under execution against the grantor. That sale as effectually cut off and barred the equity of redemption acquired by the purchaser at sheriff's sale, as a decree of strict foreclosure would have done. The legal and equitable estate were by it united in the appellant, freed from the original condition, and from any other right of redemption than the statutory right.—2 Wash. Real Prop. 78; 4 Kent, 159.

The statute secured to the mortgagor the right of redemp-tion, at any time within two years after the sale, on his pay-ing the purchaser the purchase money, ten per cent. per annum thereon, and all other lawful charges. This is a mere personal right of the debtor—a right to repurchase the lands, and to be restored to the estate he had in them at the time of the sale under the deed of trust.—*Spoor v. Phillips*, 27 Ala. 193; *Kannon v. Pillow*, 7 Humph. 281. It is not the subject of levy and sale under execution at law. It does not arise until a sale is made of the lands, under execution, decree in chancery or a mortgage, or deed of trust.—R. C. § 2509. The sale under execution from which appellees

[Moulton v. Reid.]

deduce title, was made before the sale under the deed of trust, and before the right had an existence. The right could not be asserted by the appellees, and their offer to assert it is not a defense to this action.

The circuit court erred in the charge given, and in refusing the charge requested. The non-suit must be set aside, and the cause remanded.