# Atcheson *v.* Broadhead's Adm'r.

*Statutory Real Action in Nature of Ejectment.*

1. *Execution sale of equity of redemption in mortgaged lands; title of pur-chaser.*—A purchaser at sheriff's sale under execution, of the equity of redemp-tion in mortgaged lands, after the maturity of the mortgage, does not thereby acquire such a title as will support ejectment, or a statutory real action in the nature of an ejectment.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Michael K. Broadhead, against Higdon R. Atcheson, to recover a tract of land in Baker (now Chilton) county, together with damages for its detention; and was commenced on the 5th July, 1870. The plaintiff having died, the action was revived in the name of John W. Broadhead, as his administrator; and a trial was had on issue joined on the plea of not guilty. The plaintiff deduced title under a sheriff's deed, dated the 7th March, 1870, to him as the highest and best bidder at a sale under execution against the defendant, made on that day; which execution was issued on a judgment rendered by the Circuit Court of Bibb county, on the 15th October, 1867, in favor of Andrew Woolley, and against said defendant; and he offered in evidence, on the trial, the judgment, execution, and sheriff's deed, and proved the defendant's possession at the time of the levy and sale by the sheriff, and also at the commencement of the suit. The defendant offered in evidence a mortgage executed by himself to O. F. Harrell & Co., dated the 15th May, 1867, and conveying the land sued for to secure the payment of several notes, given for supplies, etc., which matured on the 1st October, 1867; and proved that this mortgage, by successive assignments, had been transferred to one T. G. Atcheson, and that he held possession under said T. G. Atcheson at the time of the levy and sale under execution—"that he held possession as a mortgagor simply, and not under color or claim of title." The court excluded this evidence from the jury, on motion of the plaintiff, and instructed the jury, in effect, that the sheriff's deed conveyed to said M. K. Broadhead such title as would support this action, and that the plaintiff was entitled to recover. The de-

[Luke v. Calhoun County.]

fendant excepted to this charge and ruling, and he here assigns them as error.

THOS. H. WATTS, with R. W. COBB, for appellant.

DOSTER & ABNEY, contra.

MANNING, J.—In *Childress v. Monette*, at a former term (54 Ala. 317), this court held, that the purchaser of a mortgagor's equity of redemption in land, after the maturity of the mortgage, did not obtain such a title as would enable him to maintain a possessory action in the nature of ejectment, in a common-law court, to obtain possession. Under the influence of that decision, the judgment of the Circuit Court must be reversed, and the cause be remanded.