# Allen v. Kellam.

*Statutory Real Action in Nature of Ejectment.*

1. *Grant of letters of administration during late war valid ; subsequent grant, without vacancy, void.*—The grant of letters of administration by the probate courts of this State during the late war between the States, was legal and valid; and a subsequent grant of letters, without a revocation of those already granted, or vacancy in the administration created

[Allen v. Kellam.]

by some other cause, is absolutely void, and being void, as opposed to voidable merely, it can be collaterally assailed.

2. *Vacancy in administration; when not presumed from subsequent grant.*—While *it may be* true that, in a collateral proceeding, a vacancy in the administration of an estate will be presumed to exist, in the absence of any recital or evidence of the fact, from the grant of administration *de bonis non;* yet, such presumption can not prevail where there is evidence affirmatively showing, that there was no vacancy at the time of the second grant.

3. *Sale by administrator acting under void appointment, also void.*—A sale of real-estate, made by one acting as administrator *de bonis non* under a void appointment, is void, and a deed executed by him in pursuance of such sale, does not convey the legal title to the purchaser; but such title remains in the heirs of the decedent, and will support an action of ejectment brought by them against the purchaser in possession.

4. *Ejectment; when estoppel in pais no defense.*—In ejectment brought. by the heir against the purchaser at a void sale made by the administrator of the intestate's estate, the heir is not estopped from a recovery by reason of the fact that he was present at the sale and made no objection, or because the proceeds of the sale went to his use.

5. *Mortgagor of real estate; as against strangers, the real owner.*—The mortgagor of real estate must be considered as the real and legal owner against all persons except the mortgagee, and, as against them, he can maintain ejectment for the recovery of the real estate conveyed by the mortgage.

6. *Ejectment by mortgagor against a stranger; mortgage no defense.*—A defendant in ejectment can not set up, in the defense of a suit brought. by a mortgagor, the out-standing legal title in the mortgagee, with which he does not connect himself.

7. *Ejectment; color of title and good faith under section 2966 of the Code.*—A deed made by one acting as administrator under a void appointment, though void itself, is color of title within the meaning of section 2966 of the Code of 1876, providing that persons holding under color of title, in good faith, are not responsible for damages or rent, in actions for realty, for more than one year before the commencement of the suit, when, on its face, it appears to convey a good title, and its defects are made manifest only by proof of extrinsic facts.

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E COBB.

This action was brought by John W. Kellam and Robert L. Kellam, heirs at law of James W. Kellam, deceased, against. J. F. Davis, as tenant in possession of D. G. Allen, for the recovery of a lot of land in the town of LaFayette, in Chambers. County, in this State, and was commenced on 1st August, 1881. Prior to the trial D. G. Allen, the landlord, was, on his motion, made a party defendant. The judgment entry recites that. "issue was joined between the parties," but the record fails to show any pleadings subsequent to the complaint. There was no conflict in the evidence, and it was substantially as follows: In 1863 or 1864, James W. Kellam died intestate in Chambers county, in this State, seized and possessed of the land sued for in this cause, and leaving the plaintiffs as his only heirs at law. On 20th December, 1864, letters of administration upon his. estate were granted by the Probate Court of said county to-

[Allen v. Kellam.]

Samuel Spence. In August, 1871, W. Costley, on his own pe-
tition, was appointed by that court administrator *de bonis non*
of said estate. Spence had never been removed, nor had a va-
cancy in the administration of the estate otherwise occurred;
but Costley was appointed under the influence of the decision
in the case of *Bibb & Falkner v. Avery*, 45 Ala. 691, Spence
having "refused to re-qualify as the administrator" of the es-
tate. On 22d October, 1873, Costley, acting as the adminis-
trator of the estate, and under the decree of the probate court,
sold the lands belonging to the estate, including the lot sued for,
at public outcry, for division among the heirs, and at the sale
the defendant, Allen, purchased the lot in controversy, paid
the purchase-money, and was let into possession under his pur-
chase. On the 11th November, 1873, the sale was confirmed
by the court, and Costley, as such administrator, under the
orders of the court, executed and delivered to Allen a deed to
the lot. John W. Kellam, one of the plaintiffs, arrived at his
majority in September, 1873, and he was present at the sale
and made no objection thereto. There was also evidence tend-
ing to show that he received a part, if not all, of his share of
the purchase-money for the lot, from Costley, after he became
of age. Robert L. Kellam, the other plaintiff, did not become
of age until 1879, and he received no part of the purchase-
money paid for the lot. On 7th July, 1881, the plaintiffs exe-
cuted a mortgage to their attorneys to secure them for certain
services then contracted to be rendered by them in the future,
for the plaintiffs, by which they conveyed to the attorneys the
lot sued for in this cause, together with other real estate. Al-
len continued in possession of the lot until the time of the
trial holding the same, in good faith, under his purchase from
Costley. The value of the rent of the lot was also proved.

The court charged the jury, at the written request of the
plaintiffs, that if they believed the evidence, they must find for
the plaintiffs; and refused, on the written request of the de-
fendant, to charge the jury, that if they believed the evidence,
they must find for him, and he duly excepted. The court, in
its general charge, also instructed the jury "that the sale from
Costley as administrator to Allen, and the deed from Costley
to Allen, did not constitute such color of title as would pre-
vent the plaintiffs in this action from recovering the full
amount of rents from the time the defendant went into posses-
sion of the land sued for, and that they must assess the value
of the rents from the time Allen went into possession of said
land up to the time of this trial;" and to this part of the gen-
eral charge the defendant excepted. A judgment was rendered
for the plaintiffs, on verdict, for the lot of land sued for, and
also for the full value of the rents during the time the defend-

[Allen v. Kellam.]

ant was in possession; and from this judgment the defendant appealed, and here assigned as error the rulings of the Circuit Court above noted.

ROBINSON & DENSON and E. G. RICHARDS, for appellant. (1) The court will presume, that Spence was either removed by the court or had resigned.—*Sims v. Waters*, 65 Ala. 442. (2) The probate court having acquired jurisdiction, on the filing of the petition, to sell the land belonging to Kellam's estate, by Costley, it cannot be collaterally assailed. The petition averred that Costley was the administrator; that the lands belonged to the estate and could not be equitably divided amongst the heirs without a sale. All these were issuable facts, and the court having passed upon them, its decree can not be collaterally assailed.—6 Peters, 709; 2 How. 319; 2 Wall. 210. 6 Porter, 209; 63 Ala. 436; 64 Ala. 410. See also *Thompson v. Tolmie*, 2 Peters, 157; *Coltart v. Allen*, 40 Ala. 155. (3) The deed from Costley to Allen was such color of title as prevented a recovery by plaintiffs of rents for more than one year before the commencement of suit.—Code, § 2966; 62 Ala. 426 and authorities there cited. (4) The mortgage from plaintiffs to the attorneys was such an outstanding title in another as could be shown by the defendant in defense of the action.—54 Ala. 317; 6 Baxter (Tenn.), 216.

DOWDELL & HOLMES, *contra*. (1) The appointment of Costley, as administrator, was made when there was a legal, valid and subsisting administration of the same estate within the same jurisdiction. The second appointment was, therefore, void.—*Matthews v. Douthitt*, 27 Ala. 273; *Rambo v. Wyatt's Adm'r*, 32 Ala. 363; *Coltart v. Allen*, 40 Ala. 155; *Nelson, Adm'r v. Boynton*, 54 Ala. 368; *McDowell, Adm'r v. Jones*, 58 Ala. 25. (2) Costley's appointment being void, his acts as administrator were also void, and can be attacked collaterally. He could not bind the estate by dealing, as administrator, with third persons, nor can his acts be upheld upon the principles sustaining *de facto* officers.—*Hooper, Adm'r v. Scarborough*, 57 Ala. 510, overruling *Green v. Scarborough*, 49 Ala. 137. The sale of the lands made by Costley, as administrator, therefore, did not divest the title out of the heirs. (3) The legal title being still in them, it must prevail in this action regardless of equities.—*Kelly v. Hendricks*, 57 Ala. 193; *Collins v. Johnson*, 57 Ala. 304; *Hooper, Adm'r v. Scarborough, supra*; *Casey v. Morgan*, 67 Ala. p. 441. The appointment of Costley, as administrator, and his acts thereunder being void; and the invalidity of his appointment being shown by the records of the probate court granting the order of the sale, and

[Allen v. Kellam.]

the proceedings of such court necessary to authorize and empower an administrator to sell and convey lands of his intestate, being a part of the deed, the deed is not only void, but its invalidity appears on its face.    The deed could not, therefore, be such color of title as would support the claim of adverse possession, or defeat the recovery of rents for more than one year under the statute.—*Casey v. Morgan, supra; Moore v. Brown*, 11 How. (U. S.), 414; *Walker v. Turner*, 9 Wheat. 541; *Powell v. Harman*, 2 Peters, 241; Tyler on Eject. 870–4; Abbott's Law Dic. Vol. I, p. 242.    (5) The mortgagor is regarded as the proprietor of the mortgaged premises and entitled to possession as against all persons except the mortgagee or his assignees, and he may maintain ejectment.—2 Brick. Dig. p. 248.

SOMERVILLE, J.—It has been decided by this court, that the probate of wills and the grant of letters of administration, by the probate courts of this State during the late war between the States, were perfectly legal and valid; and that a subsequent grant of letters, without a revocation of those already granted, would be a nullity, there being no vacancy in the administration.    And the contrary doctrine, as held in *Bibb & Falkner v. Avery*, 45 Ala. 691, was expressly repudiated in *Nelson, Adm'r, v. Boynton*, 54 Ala. 368.

Under this principle, the appointment of Spence as administrator of the estate of Kellam was valid, though made in the year 1864, during the prevalence of the late war.    And there being a legal and subsisting administration, the probate court possessed no jurisdiction to appoint Costley as administrator of the same estate, without first creating a *vacancy* in the administration by the revocation of the letters already granted to Spence, or a vacancy occuring by death, resignation or removal.    The appointment of Costley, without such previous vacancy, must be held to be absolutely *void*, and being void, as opposed to voidable merely, it can be collaterally assailed.—*McDowell v. Jones*, 58 Ala. 25; *Matthews v. Douthitt*, 27 Ala. 273; *Rambo v. Wyatt*, 32 Ala. 363; *Gray's Adm'r v. Cruise*, 36 Ala. 559.

It may be true that, in a collateral proceeding, such vacancy will be presumed to exist from the grant of administration *de bonis non*, in the the absence of any recital or evidence of the fact, but this presumption can not prevail where there is evidence, as in this case, showing affirmatively that there was no vacancy at the time of the second appointment.—*Sims v. Waters*, 65 Ala. 442; *Ikelheimer v. Chapman*, 32 Ala. 676; *Gray v. Cruise*, 36 Ala. 559.

It follows from these principles, that the sale of the real estate in controversy, which was attempted to be made by

[Allen v. Kellam.]

·Costley, and at which the appellee, Allen, became the purchaser; was void as being without authority, and conferred no title. *Hooper, Adm'r, v. Scarborough,* 57 Ala. 510. The legal title still remained in the heirs of Kellam, and will support an action of ejectment. Nor even were they *sui juris,* could the principle of estoppel be invoked against them in a court of law by reason either of their silence, or of the equitable consideration that the proceeds of sale went to their use, or that of the estate.—*Kelly v. Hendricks,* 57 Ala. 193; *Robertson v. Bradford,* at present term.

It is no defense to an action of ejectment brought by a mortgagor, against any other person than the mortgagee, that the legal title is in the mortgagee, and the law day of the mortgage has arrived. The mortgagor must be considered as the real and legal‿owner as against every stranger, and a defendant in ejectment is not permitted to set up an outstanding legal title in a mortgagee with which he does not connect himself. The better and prevailing doctrine is, that a mortgage is a mere security as to third persons, and as to them the mortgagor has such a title as will support ejectment.—*Denby v. Mellgrew,* 58 Ala. 147; *Duval's Heirs v. McLoskey,* 1 Ala. 708; *Scott v. Ware,* 65 Ala. 174; *Wilson v. Troup,* 14 Amer. Dec. 458, NOTE, p. 474, 1 Jones, Mortg. § 11; *Woods v. Hilderbrand,* 2 Amer. Rep. 513; 3 Wait's Act. and Def. 66. It was not material, therefore, that the plaintiffs had executed a mortgage on the premises sued for, as the defendant fails to show he was in any manner connected with it.

A mere purchaser, at execution sale, of the equity of redemption owned by the mortgagor has been placed on a different footing by our decisions – a conclusion in which I am not at present prepared to concur.—*Atcheson v. Broadhead,* 56 Ala. 414; *Childress v. Monette,* 54 Ala. 317; Code of 1876, § 3209, *sub. div.* 3.

The deed executed by Costley to Allen clearly constituted color of title, and the court erred in charging to the contrary. Though void in fact, it was *prima facie* a good title, and its defects are made manifest by proof of extrinsic facts not appearing on its face. That a void deed may be good as color of title can scarcely be said to admit of question, and certainly not under the decisions of this court. Defects in title, in such cases, are material, however, as affecting the *bona fides* of the grantee, and will not be permitted to destroy *color,* unless they are so patent that a person of common understanding is held to take notice of them.—*Molton v. Henderson,* 62 Ala. 426; *Ladd v. Dubroca,* 61 Ala. 25; *Riggs v. Fuller,* 54 Ala. 141; *Dillingham v. Brown,* 38 Ala. 311; *Tate v. Southard,* 14 Amer. Dec. 578, NOTE, 583–4; *McMullin v. Erwin,* 58 Ga.

[Morrison v. Stevenson.]

427; *Pillow v. Roberts*, 13 How. (U. S.) 472; *Lindsay v. Fry*, 25 Wis. 460; *Brooks v. Bruyn*, 35 Ill. 394.

The statute provides expressly that persons holding under *color of title, in good faith*, are not responsible for damages or rent [in actions for realty] for more than one year before the commencement of the suit."—Code of 1876, § 2966. The evidence discloses the utmost good faith on the part of Allen in making the purchase of the lands in controversy. It may well be that he regarded the deed as perfectly good in view of the decision of this court in the case of *Bibb & Falkner v. Avery, supra*, which as above stated, was afterwards overruled.

Reversed and remanded.

## *Statutory Real Action in Nature of Ejectment.*

