# Cotton *v.* Carlisle.

*Statutory Action in nature of Ejectment.*

1. *Sale of equity of redemption under execution; title of purchaser, as against mortgagor in possession.*—A purchaser of the equity of redemption in mortgaged lands, at execution sale against the mortgagor (Code, § 2892), acquires a title on which he may maintain ejectment against the mortgagor in possession; and the latter can not defeat the action by setting up the outstanding legal title of the mortgagee.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by M. N. Carlisle against G. J. Cotton, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 26th March, 1887. The cause was tried on issue joined on the plea of not guilty. The plaintiff claimed the land under a purchase at sheriff's sale under execution against said Cotton, and produced the sheriff's deed, which was in all respects regular, and admitted in evidence without objection. The execution was issued on the 31st December, 1886, on a judgment of the Circuit Court rendered on the 19th April, 1886; and the sale was made by the sheriff, after levy and

advertisement, on the 7th March, 1887. The defendant offered in evidence two mortgages on the land, executed by himself and wife,—one to the "American Mortgage Company of Scotland," which was dated May 28th, 1885, and the other to Wiley & Murphee, which was dated December 31st, 1887. The bill of exceptions, after stating that the defendant offered these mortgages in evidence, continues thus: "The question presented is, whether plaintiff in execution can be defeated in recovery by the mortgages of defendant in execution; and whether such mortgages are admissible in evidence to defeat such a title, under the evidence in this case. The foregoing being substantially all the evidence in the case, the court charged the jury, on request, if they believed the evidence, they must find for the plaintiff." The defendant excepted to this charge, and he here assigns it as error.

PARKS & SON, for the appellant.—A legal title is necessary to maintain an ejectment. An equity of redemption is not a legal title, nor does a purchaser of it at execution sale acquire a legal title. The legal title is in the mortgagee, and the mortgagor's possession is subordinate to it.—*Atcheson v. Broadhead*, 56 Ala. 414; *Childress v. Monette*, 54 Ala. 319.

M. N. CARLISLE, *contra*, cited *Marks v. Robinson & Ledyard*, 82 Ala. 79, and authorities there referred to.

CLOPTON, J.—As stated in the bill of exceptions, the only question presented for decision is, whether a mortgagor in possession can set up the outstanding title of the mortgagee, to defeat an action of ejectment brought by a purchaser of the equity of redemption, at a sale under execution against the mortgagor. The sale under an execution against the defendant, issued on a valid judgment, the purchase by, and the sheriff's conveyance to appellee, who brings the action, and the mortgages made by the defendant prior to the rendition of the judgment, are conceded facts. Defendant insists, that the title and estate of the mortgagor is equitable, and will not support the action of ejectment, in which only the legal estate and right of possession are involved. The cases of *Childress v. Monette*, 54 Ala. 317, and *Atcheson v. Broadhead*, 56 Ala. 414, are cited and relied on to support the contention on the part of defendant. In the opinion delivered in the first of these cases, there are expressions to the

[Cotton v. Carlisle.]

effect, that the statute subjecting an equity of redemption to sale under execution does not convert the equity into a legal estate, authorizing the purchaser to maintain or defend ejectment, and that his right can be asserted and enforced only in equity; and in the second case, it was held, on the authority of the first, that a purchaser of the equity of redemption, after the maturity of the mortgage, did not acquire a title on which he could maintain a real action to recover possession. These cases are irreconcilable with the later rulings, and, as against them, are not now regarded as authority in respect to the kind and character of the estate of a mortgagor in possession. In *Marks v. Robinson & Ledyard*, 82 Ala. 69, they were considered, explained and qualified, in conformity with the later cases.

Between the parties, the mortgage transfers the legal title, defeasible on performance of the conditions, and the right of immediate possession, unless by its terms possession is reserved in the mortgagor for an unexpired term. As to the mortgagee, the mortgagor has only an equity; but it has been uniformly ruled in all the later cases, and may now be regarded as settled, that, as to all persons except the mortgagee and those claiming in his right, the mortgagor is the owner of the fee, and has title under which he may maintain ejectment against strangers, who have no connection with the title of the mortgagee, and will not be allowed to set up such outstanding title to defeat the action.—*Allen v. Kellam*, 69 Ala. 442; *Denby v. Mellgrew*, 58 Ala 147. These principles are reiterated, re-affirmed and emphasized, in *Marks v. Robinson, supra*, which is the latest judicial expression on this question.

The general rule is, that a purchaser at execution sale acquires whatever estate and interest the defendant in execution owns and possesses, and succeeds to his title and rights, including the right of possession. The statute which subjects an equity of redemption to levy and sale under execution, expressly affirms the general rule in such case. It declares: "When any interest less than the absolute title is sold, the purchaser is subrogated to all the rights of the defendant, and subject to all his disabilities."—Code, 1886, § 2892. He acquires the equity of redemption as against the mortgagee, and as to the mortgagor, and all other persons, except the mortgagee and those succeeding to his rights, whatever title and estate, legal or equitable, the mortgagor may have. From the effect of the statute, and

12

the foregoing principles, it necessarily follows, that such purchaser may maintain an action at law to recover possession from the mortgagor, who will not be permitted to defeat the action by setting up the outstanding title of the mortgagee, with which he has no connection other than as mortgagor.

Affirmed.