### MERCANTILE TRUST CO. v. MOBILE & S. H. RY. CO.

(Circuit Court, S. D. Alabama. June 20, 1896.)

MORTGAGES—FORECLOSURE—RIGHTS OF CREDITOR OF THE MORTGAGOR'S VENDEE.
　　After a decree of foreclosure and expiration of the time allowed for redemption, a judgment creditor of a vendee of the mortgagor had the land sold under an execution on his judgment, and became the purchaser. *Held*, that he had no interest in the land entitling him to claim a part of the proceeds of the foreclosure sale.

Bestor & Gray, for complainant.
Fred. G. Bromberg, for petitioner.

TOULMIN, District Judge. As I understand the case made by the petition, amendments thereto, and exhibits, it is substantially this: On April 15, 1895, the petitioner recovered a judgment in the state court against the Mobile & Spring Hill Railway Company for $6,500. On May 6, 1895, it caused an execution to be issued on the judgment, and to be placed in the hands of the sheriff, which was by him levied on certain lands belonging to the defendant. The sheriff sold the lands under the execution, and at the sale the petitioner became the purchaser for the sum of $300. On September 11, 1895, the sheriff executed a deed for the lands to the petitioner. Prior to said judgment, execution, levy, and sale, the defendant, the Mobile & Spring Hill Railway Company, acquired by purchase the said lands and the railroad franchises, rights, etc., of the Mobile & Spring Hill Railroad Company. At the time the Mobile &

Spring Hill Railway Company acquired said property, there was a mortgage on it, executed on June 1, 1886, by the Mobile & Spring Hill Railroad Company to M. P. Levy and F. Ingate, which was in full force and effect. On April 1, 1893, the Mobile & Spring Hill Railway Company executed a deed of trust on the railroad, franchises, and rights aforesaid to the complainant, the Mercantile Trust Company, as trustee, to secure certain bonds therein mentioned, which deed of trust, however, did not cover the lands in question. Subsequently the Mercantile Trust Company was subrogated to and acquired all the rights and remedies of said Levy and Ingate under the mortgage of June 1, 1886, which mortgage, it will be observed, included said lands. On June 11, 1895, a decree was rendered in this court foreclosing said mortgage, and ordering the property described therein to be sold to pay the debt secured by it. The amount of the debt then due was $9,666.55. The Mercantile Trust Company was ordered to sell the property, and it was sold at public outcry on April 20, 1896. The deed of trust executed by the Mobile & Spring Hill Railway Company on April 1, 1893, was foreclosed by a decree of this court of February 29, 1896, and the property covered by said deed of trust ordered to be sold by Richard Jones, special commissioner, appointed for that purpose. The sale under this decree was also on April 20, 1896. The sale under the two decrees took place at the same time and place. They were made by one T. M. Le Baron, acting as crier for the Mercantile Trust Company, and for said Richard Jones, and all the property covered by the Levy and Ingate mortgage and by the said deed of trust was purchased by Lewis H. Rust for the sum of $85,000, of which $73,950 were paid to said Jones as commissioner, and by him paid into the registry of the court, and the balance of the purchase money, to wit, $11,050, was paid to the Mercantile Trust Company, and by it applied to the satisfaction of the debt due to it under the Levy and Ingate mortgage, and by the company reported to the court. The court took no action with this division of the purchase money, and was not requested to take any action in the matter. On the reports of Commissioner Jones and of the Mercantile Trust Company, proper deeds were ordered by the court to be executed to the purchaser. At the time and place of sale, the petitioner, claiming to be the owner of the equity of redemption of the Mobile & Spring Hill Railway Company in and to the lands in question, tendered to the solicitors of the Mercantile Trust Company $10,000 in cash in payment of "all the rights, privileges, franchises, and land granted to the Mobile & Spring Hill Railway Company, and described in the advertisement of sale," exclusive of the particular lands purchased by the petitioner at the sheriff's sale aforesaid, and demanded that said Mercantile Trust Company sell the property included in the Levy and Ingate mortgage, exclusive of the lands in question, and before selling said lands, and that said lands be sold separately, which demand was refused or disregarded. The petitioner now prays the court to decree that so much of the said $73,950 be paid to it as equitably belongs to it as the owner of the Mobile & Spring Hill Railway Company's interest in said lands up-

on its making a conveyance of the same to the purchaser at the sale under the aforesaid decrees, and prays that it may be ascertained what sum petitioner is so equitably entitled to. The question is, what is the Mobile & Spring Hill Railway Company's interest in said lands? It was once the owner of the lands by purchase, but held them subject to a mortgage. In other words, it acquired by purchase the interest of the Mobile & Spring Hill Railroad Company. At most, that interest was but the equity of redemption, the grantor (Mobile & Spring Hill Railroad Company) having already executed the mortgage to Levy and Ingate. That mortgage has been foreclosed, and the property sold. The Mobile & Spring Hill Railway Company could have paid off the debt secured by the mortgage, and obtained a clear title to the lands. But it did not do so. It was not the mortgagor of the lands; and if it ever had the right, as a vendee of the mortgagor, to redeem, it had no such right on September 11, 1895, the day the petitioner purchased the lands at sheriff's sale. The mortgage had been foreclosed by the decree of this court three months prior to that time, and by the terms of the decree the equity of redemption was forever barred 30 days after the date of the decree. The Mobile & Spring Hill Railroad Company was barred by this decree, and the Mobile & Spring Hill Railway Company had no greater rights than the former company, and certainly the petitioner had no rights superior to the latter company. Childress v. Monette, 54 Ala. 317. So it seems to me clear that the Mobile & Spring Hill Railway Company has no interest in said lands, nor in the proceeds of their sale, even if they were now in the custody or under the control of the court, to which the petitioner is or can be equitably entitled, and there was no such interest at the time of the alleged tender and demand. If the Mobile & Spring Hill Railway Company had a right, as vendee, to redeem from the mortgagee of the Mobile & Spring Hill Railroad Company, where does the judgment creditor of such vendee get that right? The mortgagor or his judgment creditor can redeem, but I know of no authority for the judgment creditor of a vendee to redeem from the mortgagee of the vendor. Kelly v. Longshore, 78 Ala. 203. But if the petitioner, as the judgment creditor of the Mobile & Spring Hill Railway Company, had the right to redeem from the mortgagee of the Mobile & Spring Hill Railroad Company, it did not comply with the law of the tender. The amount alleged to have been tendered was $10,000. The amount of the principal and interest due on the mortgage, without costs, was some $10,300. So there was no legal tender. However, this is not a bill to redeem. It is a petition that the petitioner be paid such an amount as equitably belongs to it as the owner of the Mobile & Spring Hill Railway Company's interest in said lands. As I have said, I think it is clear that that company has no interest in said lands. In no aspect of the case, as now presented, can the court grant the relief prayed for. The demurrers to the petition are therefore overruled.