# SMITH v. SULLIVAN.

EJECTMENT; LEGAL TITLE.

1. Crandall v. Lynch, *ante*, p. 73, relating to the form of a declaration in ejectment, applied and followed.
2. Defendants in ejectment, prior to the time when the code of this District, section 989, went into effect, could not defeat the plaintiff's right to recovery by setting up an outstanding deed of trust made by the plaintiff to secure a debt due from him, as creating an outstanding legal title in the trustees, between whom and the defendants there was no privity, even though the deed of trust did not contain any express covenant for the retention of possession by the grantor; *distinguishing* Wilkes v. Wilkes, 18 App. D. C. 90.

No. 1233. Submitted October 24, 1902. Decided December 2, 1902.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action in ejectment.     *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Thomas M. Fields* for the appellant.

*Mr. Ralph P. Barnard, Mr. Guy H. Johnson* and *Mr. Arthur A. Birney* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a judgment rendered for the appellee, James A. Sullivan, the plaintiff below, in an action of ejectment. The appellants, Joseph M. Smith, Edward Smith, and Katharine B. Smith, were in possession claiming as heirs-at-law of Katharina Smith. Appellee claimed title by purchase and conveyance from the trustees in a deed of trust executed by Katharina Smith to secure a note executed by her to one Philip May.

The first assignment of error raises certain technical questions relating to the form of the declaration, all of which are included in, and may be regarded as practically settled by a recent decision of this court in an action of ejectment against certain other heirs-at-law of Katharina Smith, by parties claiming another part of the premises secured by, and sold under, the same deed in trust. *Crandall* v. *Lynch, ante,* p. 73.

The contention under the next assignment of error is, that the evidence failed to show in the plaintiffs the legal title necessary to recovery in ejectment.

The facts upon which this contention rests are these, briefly stated: Katharina Smith was the common source of title. Plaintiff claimed under a formal trust deed made by her, a sale thereunder, and a formal conveyance by the trustees therein under date of November 7, 1900. Defendants then offered in evidence a conveyance made by the plaintiffs, on November 18, 1900, to Edson and Bailey, trustees, to secure the payment of a loan by a building association. The conveyance was to said trustees to have and to hold "*in and upon the trusts nevertheless, hereinafter expressed and speci-*

*fied and none other."* The specified trusts were the usual ones relating to sale upon the grantor's default in making payments as required. The instrument was silent upon the subject of possession of the premises. No attempt was made to show that any default had occurred prior to the commencement of the action, but the plaintiff was permitted to prove a release executed by the trustees aforesaid on October 30, 1901. This was objected to by the defendant, because made pending the action.

Passing by the question of the competency and effect of that release, the plaintiff, as we have seen, rested his case upon proof of a formal fee simple title deraigned from the common source.

To defeat this *prima facie* case the defendants relied entirely upon the mortgage, with power of sale, etc., as creating an outstanding legal title in the trustees, between whom and them there is no pretense of privity.

Whether this is the effect of that mortgage, executed before the action was begun, to the extent that it can be set up as an outstanding legal title, is a question both of importance and difficulty.

Now, where the distinction between jurisdiction at law and in equity obtains as in the District of Columbia, there can be no doubt of the general rule that, in order to maintain ejectment, the plaintiff must show in himself the requisite title at law as contradistinguished from an equitable one. And it is also true, as was said in *Wilkes* v. *Wilkes,* 18 App. D. C. 90, 96, that "Whatever may have been the progressive spirit manifested by courts of law in other jurisdictions in adopting the equitable view of the effect of such conveyances [*i. e.,* mortgages and trust deeds in the nature of mortgages], the courts controlling in this jurisdiction have, in the absence of statutory change, adhered, in the main, to the strict rule of the common law." Therefore, as was said in the same case: "Undoubtedly as between mortgagor and mortgagee and their privies, in the District of Columbia, the effect of either the regular mortgage or the deed of trust as a substitute therefor, has always been considered to vest the legal

title in the mortgagee or trustee, subject to defeasance only by the satisfaction of the secured debt."

Referring to the question now under consideration, and which it was not then necessary to decide, it was further said in that case: "Whether a mortgagor, remaining in possession by the express terms of the instrument, or by the sufferance or implied consent of the mortgagee, either before or after breach of the condition, can maintain an action of ejectment against one not claiming under the mortgagee; or, in other words, whether such third person can set up the outstanding legal title of the mortgagee, is a question, however, that has never been expressly decided in this jurisdiction, so far as we have been able to discover, and it may, therefore, be regarded as an open one in this court." And it was then added: "In Maryland, it has been held since the cession of the territory of the District of Columbia, that where the mortgage contained a covenant that the mortgagor should remain in possession until default, the latter might recover in ejectment, because the covenant operating by way of redemise left him the substantial owner both in equity and at law. *Georges Creek Coal Co.* v. *Detmold,* 1 Md. 225, 234. See, also, *Jamieson* v. *Bruce,* 6 G. & J. 72, 74; *Chelton* v. *Green,* 65 Md. 272, 277; *Richardson* v. *B. & D. RR.,* 89 Md. 126, 129."

The mortgage in the case at bar does not fall within the rule of the Maryland decisions above mentioned, because it contains no express covenant for the retention of possession by the mortgagor. In the absence of evidence that there had been default on the part of the mortgagor, the presumption is that he had performed his covenants pending the final maturity of his obligation; but if this were not so, it is clear from the terms of the instrument that there could have been no default at the time of his ouster by the defendants, and the institution of his suit which speedily followed.

Taking into consideration the plainly expressed purpose of the conveyance in trust, and the actual unbroken possession of the mortgagor, it seems clear that the mortgagee regarded that possession as rightful, at least, until such time in the

future when the failure to perform the obligation in whole, or in material part, might render change of possession necessary to his security. Then, when ousted by the defendants, as alleged, he was in possession by the sufferance, at least, or the implied consent of the mortgagee.

It is equally clear that no duty or obligation of the trustees could arise until after default of the mortgagor, notice of the same by the mortgagee, and demand of action for his security. The conveyance was under express limitations, creating a trust for those purposes and none other.

"As a general rule, it is well settled that the nature and extent of a trustee's title depend, not so much upon the terms of its grant, as upon the purposes and requirements of the trusts imposed. Where these are plain and certain they will limit and restrain the language used in creating the title of the trustee." *Wilkes* v. *Wilkes,* 18 App. D. C. 90, 96, and other authorities there cited.

In accordance with this principle, it might even be held, without doing violence to any other, that the grant to the trustees, by the special limitations of the instrument, would constitute nothing more than a naked, passive trust that could be regarded as executed by the statute of uses, on behalf of the mortgagor, until such time as the trust might spring into an active and imperative one through his default.

That the statute of uses has operation in the District of Columbia, is well settled. *Frey* v. *Allen,* 9 App. D. C. 400, 406.

Whether such a conclusion in the particular case would be sound or unsound, the application to a conveyance by way of mortgage or deed in trust to secure the discharge of an obligation recited therein, of the established principle that a trustee's title will, in general, be limited by the express purposes of the trust, accords with the enlightened modern view of courts of law, which preserve the dual nature of the mortgage for all the purposes of the instrument, and to the complete security of the mortgagee, but, as to strangers and third persons generally, regards it in its true nature of a security for a debt, thereby relaxing the rigor of the ancient rule at law

as far as it is possible to do so without impairing the common-law rights of the mortgagee and those claiming under him.

Advancing along this equitable line, so to speak, courts of law generally, in the few States where the distinction between law and equity still obtains, have not hesitated to limit the title of the trustee solely to the use and benefit of the mortgagee, and those in privity with him. Consequently, they do not permit a stranger or third person, when sued in ejectment by the mortgagor, to set up such a mortgage or conveyance in trust as a bar to his recovery. *Den* v. *Dimon,* 10 N. J. L. 184; *Allen* v. *Kellam,* 69 Ala. 442, 447; *Barrett* v. *Hinckley,* 124 Ill. 32; *Lightcap* v. *Bradley,* 186 Ill. 510, 518.

We regard this as sound doctrine, and not inconsistent with the rule that the plaintiff in ejectment must recover upon the strength of his legal title.

It may be added, moreover, that it has been made statutory by an amendment to the District code enacted since this judgment was rendered. Code D. C., Sec. 989.*

We have refrained from citing many of the cases relied on by the appellee, because they were decided in States where distinctions between the jurisdiction at law and in equity have been abolished by constitutional or legislative enactment, and where, necessarily, the equitable view of the mortgage entirely prevails.

The satisfactory operation of the doctrine in those States, however, successfully refutes the argument that the recognition of the mortgagor as having any standing in a court of law is an innovation fraught with danger to the interests of the mortgagee, or an impairment of his rights.

---

* The section of the code referred to, as amended by the act of Congress of June 30, 1902, is as follows:

" SEC. 989. OUTSTANDING LEGAL TITLE.— It shall be no bar to the plaintiff's recovery [in ejectment] that the legal title to the property claimed is outstanding in another as mortgagee or trustee under a mortgage or deed of trust to secure a debt unless such mortgagee or trustee, or those claiming under him, has taken possession of the premises, or unless the defendant claims under such mortgagor or grantor in the deed of trust.— REPORTER.

The conclusion we have reached renders it unnecessary to consider other questions that have been argued.

The judgment will be affirmed, with costs; and it is so ordered.                                           *Affirmed.*