JOHN T. DOOLEY *vs.* ARNOLD G. POTTER.

Berkshire. Sept. 9, 1884. — Sept. 7, 1885. COLBURN, J., absent.

A conditional judgment, rendered upon a writ of entry brought by a mortgagee of land against the mortgagor in possession to foreclose his equity of redemption therein, is not conclusive of the amount then due on the mortgage, against one who has purchased the equity of redemption before the bringing of the writ of entry, on a bill in equity by him to redeem the land.

In 1869, A. gave a mortgage, of which B. became the assignee in 1876, covering land in this Commonwealth and also land in Vermont, to secure the payment of certain promissory notes made by A. In 1871, A. gave a second mortgage of the land in this Commonwealth to a person who assigned the same to C. in 1878. Previously to this assignment, B., in 1876, as assignee of the first mortgage, brought a writ of entry against A. to foreclose his equity of redemption in the land in this Commonwealth, obtained conditional judgment therein, and was put into possession thereunder in 1877. In 1876, after the assignment to him of the first mortgage, B. brought a bill in equity in Vermont against A. to foreclose his right of redemption in the land in that State, and, in 1878, obtained a decree which would become absolute in December, 1879, upon failure then to pay the notes which the mortgage was given to secure. In November, 1879, B. brought another bill in Vermont against C., to foreclose the equity of redemption in the same land under the same mortgage, setting forth the decree rendered against A., and alleging that C. claimed some interest in the land by virtue of a deed made to him by A. in 1872. In that suit, it appeared that such a deed had been made to C. in 1872, but had not been recorded until after the decree against A. before stated was rendered; and it was held that said decree was binding upon C.; and, in 1882, a conditional decree was rendered against C., founded upon the former decree against A. This decree became absolute by the failure to pay the sum found due for the redemption of the land in Vermont within the time named. In 1879, C. brought a bill in equity, as assignee of the second mortgage, to redeem the land in this Commonwealth from the first mortgage. *Held*, that C. was not concluded, as to the amount due on the mortgage, by the decree in Vermont; and that he might show that there was nothing due on the mortgage notes.

Upon a bill in equity, by an assignee of a mortgage of land in this Commonwealth, to redeem the same from a prior mortgage covering that land and also land in another State, of which latter land the defendant has become the owner by foreclosure and the expiration of the mortgagor's right to redeem, the value of such land is to be deducted from the amount now due on the mortgage.

BILL IN EQUITY, filed August 25, 1879, to redeem a parcel of land in the town of Florida, in this Commonwealth, from a mortgage held by the defendant. The case was heard by *W. Allen*, J., on the report of a master and exceptions thereto, and reserved for the consideration of the full court. The facts appear in the opinion.

*M. E. Couch*, (*C. J. Parkhurst* with him,) for the plaintiff.

*A. Potter*, for the defendant.

DEVENS, J.   In 1869, Peter Dooley gave to Hazael Wiley and others a mortgage on certain lands in this State and in the State of Vermont, the condition of which was the payment of certain promissory notes made by him.   Of this mortgage the defendant became the assignee in 1876.   In 1871, Peter Dooley gave a second mortgage, which was on the Massachusetts land only, to one Edmonds, who assigned the same to the plaintiff by deed dated November 30, 1878, and recorded on February 8, 1879. Previously to this assignment, the defendant, as assignee of the first mortgage, had brought, in 1876, a writ of entry against Peter Dooley, the mortgagor, to foreclose his equity in the land in Massachusetts, had obtained conditional judgment therein, and was put into possession thereunder on June 29, 1877.

In 1876, after the assignment to him of the first mortgage, the defendant brought a bill in equity in Vermont against Peter Dooley to foreclose his right of redemption of the lands in that State, and, in December, 1878, obtained a decree which would become absolute in December, 1879, upon failure then to pay the notes which the mortgage was given to secure.   In November, 1879, the defendant brought another bill in equity in Vermont to foreclose the equity, under the same mortgage, to redeem the Vermont lands, against the present plaintiff, setting forth the decree rendered against Peter Dooley, and alleging that the present plaintiff claimed some interest in the land by virtue of a deed made to him by Peter Dooley in 1872.   In that suit, it appeared that such a deed had actually been made to the present plaintiff in 1872, but had not been recorded until after the decree against Peter Dooley before stated was rendered.   It was therefore held that the decree against Peter Dooley was binding upon the present plaintiff; and, in December, 1882, a conditional decree was thereupon rendered against the present plaintiff, founded upon the former decree against Peter Dooley. This decree has now become absolute by the failure to pay the sum found due for the redemption of the lands in Vermont within the time named.

The bill in the case at bar was brought by the plaintiff, as assignee of the second mortgage, on August 25, 1879, to redeem

the lands in Massachusetts from the first mortgage. At the hearing before the master, the plaintiff offered to prove that there was nothing whatever due on the notes, and that they had been fraudulently obtained: all of which was known to the defendant at the time the conditional judgment was rendered in Massachusetts. He contended that he was not bound, in the case at bar, by the decree in Vermont, as settling, as against him, the amount then due on the mortgage, since he was not there allowed to show this, because it was there held that he was bound by the decree against Peter Dooley (the deed from him not having been recorded when the decree against him was rendered) so far as the Vermont lands were concerned. He further contended that, in any computation of the account on the mortgage notes in this State, he was entitled to have deducted therefrom the value of the lands in Vermont embraced in the mortgage, which lands the defendant had obtained by the decree of foreclosure there made, that decree having now become absolute.

For the purposes of the hearing, the master ruled as follows :

1. That the conditional judgment heretofore rendered in this State upon the writ of entry brought by the defendant against Peter Dooley was conclusive against the plaintiff as to the amount then due on the mortgage.

2. That the plaintiff was further concluded as to the amount due on such mortgage by the decree in Vermont rendered in the suit to which he was a party ; and that neither this decree nor the judgment could be impeached in the manner proposed by the plaintiff.

3. That the value of the land in Vermont could not be deducted from the amount now due on the mortgage.

These questions may be conveniently disposed of in their order.

1. The writ of entry was brought against the mortgagor after he had made the second mortgage on the lands in this State. It is not suggested that the second mortgagee, whose rights the plaintiff has, was a party to it, or had notice of it. The foreclosure and redemption of mortgages are regulated by statute. Foreclosure is worked by three years' possession for the purpose of foreclosure, and the possession for that purpose may be

attained — not to notice the exceptional cases in which a bill in equity to foreclose will lie — by a writ of entry, or by entry *in pais*. Each is a statutory proceeding for obtaining possession for foreclosure. Under a writ of entry, the amount due on the mortgage is ascertained by the court, and the judgment is conditional, that, if the amount is not paid within a certain time, the plaintiff shall have possession. After possession obtained in either mode, the right of redemption continues for three years, and, if it is not exercised within that time, the foreclosure becomes absolute. It may be that possession acquired by action is, under the statute, as conclusive upon every right of redemption as possession acquired by entry *in pais*. See *Robbins* v. *Rice*, 7 Gray, 202.

But the question whether the finding of the amount to be paid to redeem is conclusive upon a prior purchaser from the mortgagor, not a party to the action, is a very different one from whether the possession obtained under the judgment is a possession against him.

The action may, by statute, be brought against whoever is tenant of the freehold, and though he be such only by disseisin at the election of the mortgagee, and although possession acquired in such action may limit the time within which the owner of the equity may redeem, as would possession acquired by an entry *in pais*, that action cannot fix the amount he must pay to redeem. He is a stranger to the action, and may have no notice of it, and has no right to be heard in it; and to hold him concluded by it, as to the amount of the incumbrance upon his land, is against first principles. See *Salem* v. *Eastern Railroad*, 98 Mass. 431, 446. It makes no difference that the action is against the mortgagor and original debtor; if the owner is concluded when the action is against the mortgagor, he must be when it is against a mere disseisor. There is no authority for holding that a purchaser of the equity of redemption is concluded, in a bill by him to redeem, by the amount of the conditional judgment in an action brought against the mortgagor after he had conveyed his equity. *Sparhawk* v. *Wills*, 5 Gray, 423, decided that the judgment is conclusive as to the amount between the parties to it. *Stevens* v. *Miner*, 5 Gray, 429, is more relied on as an authority to the conclusiveness of such a judgment.

This case is reported only in a note to *Sparhawk* v. *Wills.* No opinion was given therein, and it does not appear whether the assignment to the plaintiff was made before or after the action brought against the party under whom he claimed. In the case of *Miner* v. *Stevens*, 1 Cush. 482, it did appear that the defendant, Ensign D. Stevens, received his assignment from J. C. Stevens previously to the action brought against the latter. The case was decided against Ensign D. on a distinct ground, and the question now before us was not passed upon; but the opinion given by Mr. Justice Wilde contains a strong intimation that the judgment was not binding on Ensign D. Stevens, as he had received his assignment before the action brought against his grantor. If in *Stevens* v. *Miner* it was intended to hold otherwise, it is certainly strange that the case was not regularly reported, and a statement thereof made which would have shown that this point was involved. For other cases in regard to the effect of a writ of entry for foreclosure, see *Keith* v. *Swan*, 11 Mass. 216 ; *Hunt* v. *Hunt*, 17 Pick. 118 ; *Shelton* v. *Atkins*, 22 Pick. 71 ; *Wheelwright* v. *Freeman*, 12 Met. 154.

We are brought to the result, therefore, that, whether or not possession obtained upon a writ of possession on a conditional judgment in a writ of entry against a mortgagor in possession, who had conveyed his equity before the commencement of the action, be sufficient to work a foreclosure against the prior purchaser of the equity, the judgment is not evidence against him in a suit by him to redeem, unless as showing the fact of possession taken.

2. The question as to the conclusiveness of the decree in the second bill in equity in Vermont, so far as it determined the amount then due on the mortgage, presents a very different inquiry. The suits in Vermont related to lands in that State, but the lands were transferred upon the same terms and conditions, and were included in the same mortgage, as the lands in Massachusetts. The defendant contends that the question involved in the Vermont suit was the same with that which is here in issue, — namely, what was the amount due on the mortgage, — and was settled there as it would have been under the general principles which apply by the law of contracts ; that if there were deductions, as by perception of profits in

Massachusetts, or for any other reason, by which the mortgage was reduced, it was the duty of the tribunal in Vermont to have noticed and allowed for them, as if payments had there been made; that there is no distinction between contracts purely personal and those which may impose a charge upon real estate; and that, while the law of the *situs* regulates rights to real estate, where those rights depend upon a contract, the obligation of which may have been wholly or partially discharged by the laws of another State, (not purely local, such as insolvent laws,) such discharge should be recognized by the tribunals of the State where the land against which a remedy is sought is situated, even if the right there is thus incidentally affected. He further contends — in the absence of any evidence that the law in Vermont was different from that of Massachusetts, or that, in making its computation of the amount which the then defendant should pay in order to prevent the foreclosure of his right in equity in Vermont, the court in that State had passed upon and had erroneously decided any law of Massachusetts — that the judgment there rendered must be held conclusive against the plaintiff as to the amount then due from him upon the mortgage in any subsequent action, both parties being here the same as those in the Vermont suit. This contention requires us to treat the case as if there had been two distinct tracts of land in which the plaintiff had title, as in the present case; that both were situated in Massachusetts; and that two suits similar to those brought in Vermont had been brought in Massachusetts. In other words, that all facts existed as in this case, except that the two tracts were in Massachusetts, and that all proceedings had here taken place.

Assuming the contention of the defendant, without accepting it, it by no means establishes his position that the amount found due and necessary to be paid in order to relieve one tract from foreclosure, is conclusive evidence of the amount necessary to be paid in order to relieve the other tract therefrom. The proceeding to foreclose a mortgage in Massachusetts is ordinarily, not, as in Vermont, by bill in equity, but by action; this, however, is not important in the inquiry. If a mortgagee should bring an action against the assignee of a mortgagor of two distinct tracts of land in Massachusetts, included in the same

mortgage, but situated in different counties, for the possession of one of these tracts, and to foreclose the equity in the same, and conditional judgment were rendered against the assignee for the full amount of the mortgage notes, upon the ground that, in a former proceeding referring to the same tract, it had been adjudged, as against the assignor, that this amount was due, and that the assignee had taken his title after such adjudication, it is not easy to see that, when a subsequent writ of entry is brought for the second tract, the title to which had been assigned previously to any adjudication against the assignor, there is any reason why the assignee should be affected by any judgment which applied only to the first tract. If an action were brought for two tracts of land included in the same mortgage, an estoppel in regard to the amount due, which might apply as to one, could not apply as to the other when title to that was taken under different circumstances, and the decree would be framed accordingly. It cannot have this effect by the bringing of actions for the two tracts consecutively, instead of including them in a single action. Even if, in the first action, there is a recital that so much is due, which the defendant is bound to pay or to have his equity foreclosed, this is not an adjudication that, under all circumstances and for all purposes, such a sum is due from him, but only that it is due if he proposes to relieve the particular tract from foreclosure. The finding of the amount due is limited to the case. It is collateral to the inquiry whether there shall be a foreclosure, and determines on what terms the tenant shall redeem the tract demanded, and extends no further than that.

The suit for the second tract of land is not one for the same cause of action as the first. The previous suit is therefore not an absolute bar. That there is a difference between the effect of a judgment, as a bar or estoppel, against the prosecution of the same claim or demand, and its effect, as an estoppel, in another action between the same parties upon a different claim or cause of action, is well established. In the latter case, the estoppel operates only as to the matters in issue, or points controverted, on which the judgment was rendered; and the inquiry must always be what was actually litigated and determined in the original action. In the case we are supposing, what is actually

determined in the suit as to the first tract is, that as to that tract the tenant is bound by the decision rendered against his grantor in relation thereto previously to his obtaining his title; it is only incidental to this that the amount due on the mortgage is determined by the former decree, and only so far as the first piece of land is concerned.

Returning more immediately to the facts in the case at bar, the principles which we have considered directly apply to them. The plaintiff was the assignee of the equity in the lands in Vermont when suit was there brought against him to foreclose the mortgage on the lands in that State. It was at a subsequent time that he became the assignee of the second mortgage on the lands in Massachusetts, by virtue of which he now seeks to redeem from the first mortgage. While the papers in relation to the Vermont suits are very imperfectly brought before us, enough appears from the opinion of the court and a copy of the decree in the second case, in connection with the evidence offered by the plaintiff and rejected by the master, to show that the court did not undertake to decide what was due upon the mortgage by the general principles of contract. The question before it was as to the foreclosure of the equity owned by the plaintiff, and as to the amount he should pay for redemption of the same, in the circumstances in which he stood. Before the bill against Peter Dooley had been brought, the present plaintiff had become the assignee of Peter's rights to the land in Vermont as mortgagor, but had failed to record his deed, and judgment had been rendered against Peter. It was held that the present plaintiff was bound by the decree against Peter; and that, in order to redeem the lands in Vermont, he must pay the amount there found due; and a decree was rendered against him, based on the former decree. He was not permitted to show that nothing was due on the mortgage, because he was bound by a decree which would not permit his grantor to show it. While the decree recites that so much is due on the mortgage notes, its meaning obviously is, that so much is due if the defendant desires to redeem the mortgage on the parcel of land the equity in which was sought to be foreclosed. It is to give it too broad an interpretation to hold that it decides that, under all circumstances, this amount may be demanded on the mortgage against

the then defendant. The present plaintiff was not the signer of the notes. He was under no obligation to pay them, even if they were due. There was no adjudication that he owed the sum found due, unless he sought to redeem, and as a condition of his redemption of the tract then in question.

The earlier decision against Peter Dooley had no relation to the Massachusetts land; nor has the reason why the present plaintiff was bound by it, so far as the land in Vermont was concerned, any application to the mortgage security, so far as it affects the Massachusetts land. When the present plaintiff undertakes to redeem the Massachusetts land, a suit in Vermont, in which the amount due on the mortgage was determined only because of the relation in which he stood as to those lands, should not here affect him.

It seems even more clear that it should not affect him, when he brings a suit against the assignee of the first mortgage, which is on both the lands in Massachusetts and Vermont, as the holder of the second mortgage, which is on the Massachusetts land only, for the redemption of that land. The plaintiff was not the holder of the second mortgage on the Massachusetts land when the first suit in Vermont was brought against Peter Dooley. The holder of that mortgage was not, and could not have been made, a party to it, nor should he be in any way affected by it. Whatever might be the effect of the second suit in Vermont on the plaintiff as the owner of lands in that State, it should not affect him as a subsequent assignee from a second mortgagee, who had no relation to the first suit, which suit in no way affected land in which such mortgagee was interested. The object of the second proceeding in Vermont was to foreclose the equity, which the plaintiff had, as grantee of Peter Dooley, to redeem the first mortgage, so far as the lands in Vermont were concerned. Had the present plaintiff been then the assignee of the second mortgage, and attempted to oppose this foreclosure, on the ground that, even if he was bound by that which bound Peter Dooley so far as the first mortgage was concerned, he had a title from a second mortgagee of the Massachusetts land, who was not bound by the first suit against Peter Dooley, as he had previously received title from Peter, he would have presented a defence entirely irrelevant, and one which the court in Vermont

would not for a moment have recognized. It could not have been determined in such a proceeding in Vermont, as against the second mortgagee or his assignee, what sum was due. Neither party could have been heard on this point. Even if heard, entirely different principles would have governed, as, in regard to one parcel of land, there was an estoppel on the holder which in no way affected the other. The reason why a prior judgment between the same parties is conclusive in a second proceeding is, that each has had full opportunity, on whatever ground he might choose, either to establish his claim, or to maintain his defence against an asserted claim. A prior judgment between parties cannot be binding in a subsequent proceeding, unless it has been possible to put in issue therein the same alleged claim, or the defence thereto which is involved in the subsequent proceeding. If the present proceeding were by Edmonds, the second mortgagee, it certainly would not be contended that he could be affected by the Vermont judgment. Even if the present plaintiff held the Edmonds title, as second mortgagee in Massachusetts, when the second Vermont judgment was rendered, he should not be affected thereby, as, so far as that was concerned, he could not have had his rights adjudicated. When the substantive question was as to the terms upon which he should redeem one parcel of land, he could not have it decided upon what terms he should redeem another, as to which an entirely different state of facts existed.

A majority of the court are therefore of opinion, that the judgment in Vermont as to the sum due on the mortgage, and which the plaintiff must pay to redeem the lands there situate, was not conclusive evidence of the sum then due and which would be payable in order to redeem the Massachusetts land; and that the plaintiff may show, if he can, that there is nothing due upon the mortgage notes.

3. The remaining question will require but brief discussion. It has long been the law of Massachusetts, that, when a debt is secured by mortgage on two tracts of land, and the mortgagee enters upon one for condition broken, and proceeds to foreclosure, he is deemed to have taken it in payment; and, if the value of the land equals or exceeds the debt, the debt is extinguished, and the other tract is relieved of the incumbrance. If

it fails to liquidate the debt entirely, it enures by way of payment *pro tanto*, and the other tract is to that extent relieved. *Newall* v. *Wright*, 3 Mass. 138, 150. *Amory* v. *Fairbanks*, 3 Mass. 562. *Hedge* v. *Holmes*, 10 Pick. 380. *George* v. *Wood*, 11 Allen, 41. It cannot make any difference that the tract of land, of which the defendant now has full ownership by the expiration of the plaintiff's right to redeem, is in the State of Vermont. To the extent of its value (over and above the legal costs for which the present defendant recovered judgment, if these have not been otherwise collected) the debt which the defendant holds has been paid. Any other result would involve the injustice of compelling the plaintiff, if he shall redeem, to pay the same debt, to the extent of that value, twice.

> *Exceptions to the master's report sustained, and the report recommitted.*