# Aiken *et al.* v. Bridgeford & Co.

*Bill in Equity by Junior Mortgagee of Land to Redeem after· Sale under Power in Senior Deed of Trust.*

1. *Who may redeem under statute; limitation of right.*—A junior mortgagee or assignee of the equity of redemption, is not included in the terms of the statute, which gives a right to redeem lands sold under a judgment, decree, or power of sale in a mortgage (Code of 1886, §§ 1879-91); and the right to redeem, by any of the persons upon whom it is conferred, must be asserted within two years after a sale under a power in the mortgage.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill was filed by appellee, Bridgeford & Co., a corporation, as junior mortgagee, and sought to redeem a storehouse and lot which had been sold under a power in a deed of trust senior to the mortgage; which sale took place more than two years prior to the filing of the bill. A demurrer to the bill that the junior mortgagee was not entitled to redeem was overruled by the chancellor. The overruling of this demurrer is here assigned as error.

The facts as shown by the bill are as follows: One Douthit owned the property and to secure an indebtedness to Mrs. Moody which indebtedness matured in December, 1883, executed in December, 1882, a deed of trust "upon" the property to James Aiken as trustee for Mrs. Moody. This deed of trust does not appear in the transcript although the bill recites that it is thereto attached as an exhibit, but the bill recites that the " deed of trust was payable, and the law

[Aiken et al. v. Bridgeford & Co.]

day of the same was December 25th, 1883;" and that "on or about the 20th February, 1885 under the power of sale contained in said deed of trust" Aiken, the trustee, sold the property and Mrs. Moody became the purchaser.

In June, 1884, the said Douthit executed a mortgage upon the same property to complainant, Bridgeford & Co., who filed the bill to redeem on the 13th day of April, 1887. Mrs. Moody had died leaving a' last will and testament in which James Aiken was appointed her executor. The bill made Mrs. Moody's devisees and said Aiken, both as executor and as an individual, parties defendant.

AIKEN, DORTCH & MARTIN, for appellants, cited *Childress v. Monette*, 54 Ala. 319; 2 Jones on Mort., § 1897.—Code, § 2198; *Cooper v. Hornsby*, 71 Ala. 62; 74 Ala. 221.

W. H. DENSON, *contra*, cited 32 Ala. 9, 12; 47 Ala. 418; 19 Ala. 200; 2 Jones on Mort., §§ 1047, 1406; *Hunt's Heirs v. Ellison*, 32 Ala. 173; 28 Ala. 580; 12 Ala. 548; Code of 1876, §§ 2877, 3227; 54 Ala. 319; 71 Ala. 64.

SOMERVILLE, J.—In the case of *Powers v. Andrews*, decided at the present term, 84 Ala. 289, we held that, under our statute regulating the redemption of real estate sold under execution, decree, mortgage, or deed of trust (Code, 1886, §§ 1879-1891) an assignee or junior mortgagee of the *equity of redemption* of a prior mortgagor, was not entitled to exercise the *statutory right* of redemption, after a regular foreclosure of the mortgage under a power of sale contained in the instrument had taken place; nor after foreclosure by a court of chancery, except where such mortgagee had not been made a party to the proceeding, in which case he might redeem at any time within five years.—Code, 1886, § 2616. The principle settled there requires the reversal of the chancellor's decree in this case.

But independent of that view of the case, there is another which leads to the same result.

The present bill was filed by the appellee more than *two years* after the foreclosure of the deed of trust by Aiken under the power of sale contained in the instrument, and this was a bar of the right to redeem, admitting such a right to exist in a junior mortgagee, after foreclosure of a prior mortgage.

The statute allows the mortgagor, as debtor, the right to

redeem at any time within two years after such sale under the power.—Code, 1886, § 1879. It is axiomatic that he can not transfer to another any greater or more extensive right than what he may himself possess. Hence no assignee, or junior mortgagee, of his could have more than the two years within which to exercise this right, even were these classes construed to come within the statute, which, as we have said above, is not so.

The effect of a regular foreclosure under a power of sale is equivalent to a strict foreclosure by a court of equity in a proceeding, *to which the mortgagor, and those claiming by privity of title under him, were made parties.* It cuts off the equity of redemption, not only as existing in the mortgagor, but also in any assignee holding under him, and reduces it to a statutory right.—*Childress v. Monette*, 54 Ala. 317. As said in *Powers v. Andrews*, present term, *supra*: "When a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by a privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular *subpœna* in an ordinary foreclosure suit." "The sale in other words," it is added, "destroys the *equity of redemption*, and, in this State, transmutes it into a naked *statutory right* of redemption limited to two years, with new incidents, privileges and liabilities, which are particularly set forth in the statute."

The complainants were not entitled to redeem in any aspect of the case, and the chancellor erred in so holding.

The decree is reversed, and a decree will be rendered in this court, dismissing the complainant's bill, at their costs, in this court and in the court below.