# The Farmers Savings and Building and Loan Association *v.* Kent & Sabotka.

*Bill in Equity for Injunction of Sale under Power in a Mortgage.*

1. *Mortgage; foreclosure when mortgaged premises have been sold after execution of the mortgage.*—Where a mortgagor, after the execution of the mortgage, conveys different parcels of the mortgaged

[The Farmers Sav. & Bldg. & Loan Asso. v. Kent & Sabotka.]

property to different persons at different times, by warranty deeds which contain no reference to the existence of the mortgage, and he retains a portion of the mortgaged premises himself, the portion of such premises retained by the mortgagor is primarily liable for the whole of the mortgage debt, and must be first sold to satisfy the mortgage; and if this portion proves insufficient, resort may be then had to the parcels conveyed, by selling them in the inverse order of their alienation.

2. *Same; injunction of sale under power contained in the mortgage.* While a court of equity is reluctant to interfere with the legal rights of the mortgagee, still when a bill is filed which seeks an injunction of the sale under a power contained in a mortgage, and asks for an accounting and ascertainment of the mortgage debt, alleging full payment and satisfaction thereof, and it appears that there was an account between the mortgagor and mortgagee running through many years, and that the value of the mortgage security was greatly in excess of the amount due on said mortgage, and it further appears that the damaging consequences resulting from a sale under the power would far outweigh the advantages to be gained by making the sale, the sale should be enjoined until the account is taken and the amount due on the mortgaged debt has been definitely ascertained.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees, Kent & Sabotka, and averred that one J. B. Brewer negotiated a loan from the Farmers Savings and Building and Loan Association, and to secure the same executed a mortgage upon certain parcels of real estate, and in accordance with the building and loan plan Brewer subscribed for certain shares of stock in the Association at the time of negotiating the loan, and as recited in the mortgage, pledged such stock as security for the debt. The real estate mortgaged was separate and distinct; some of it being town lots, others being store property and dwelling houses, and a part being acreage property. This mortgage was executed on November 2, 1892. On November 1, 1895, Brewer contracted to convey to one Politinsky for $1,000 a certain parcel of the property contained in the mortgage. On December 3, 1895, he conveyed with covenants of warranty, a certain parcel to the complainants, and on December 15, 1895, he conveyed still another parcel to the complainants. On December 8, 1896, he contracted to convey to the defendants, Parker and Sharp, still another parcel of the

40

mortgaged property, and on January 27, 1897, he conveyed to the other two defendants certain other parcels of said mortgaged property. The Association claimed that Brewer had made default in his payments as contracted for, and had advertised all of the property for sale under the power contained in the mortgage, and unless restrained would proceed to sell the same in disregard of complainants' rights. It was then averred that Brewer claimed to have paid his debts, and the Association claimed that there was a balance due of $480. It was then averred that the lands mortgaged greatly exceeded the sums claimed to be due by the Association. The Association and the parties other than complainants, who had contracted to purchase or had purchased parts of the lands from Brewer, and Brewer himself, are made parties defendant to the bill.

The prayer of the bill is, that the indebtedness of said Brewer to said Association be ascertained ; that the parcel of land still owned by him, and which he had not conveyed to other parties, be first sold by the register to pay the mortgage debt, and if it fails to bring the amount ascertained to be due and owing on said mortgage, that the lands conveyed and contracted to be conveyed to the different parties by Brewer, be sold in the inverse order of their sale and conveyance, and that pending this suit the Farmers Savings and Building and Loan Association, its servants, agents and attorneys be enjoined and restrained from selling said land or any part thereof under said mortgage, and from taking any steps to foreclose said mortgage ; and then there is a prayer for general relief.

The Farmers Savings and Building and Loan Association demurred to the bill, upon the following grounds : 1. The bill shows that the complainants are without equitable right to enjoin the sale of the land described in the mortgage executed by said J. B. Brewer. 2d. That the only remedy of the complainants is to redeem said realty and pay to this defendant the amount justly due it. 3d. That the complainants in the bill seek to enjoin the sale of lands under the mortgage to the defendant, in which the complainants have no interest. 4th. That the complainants' equity is limited to the lands bought by them, and they have no interest and are not entitled to relief as to the lands conveyed to

the parties defendant. 5th. That it is not shown by the bill that the lands which are still held by Brewer are sufficient in value to pay the indebtedness due to the defendant. 6th. That said bill does not show that the mortgage indebtedness presents an account so complicated as to require the interposition of a court of equity to settle the same.

On the submission of the cause upon this demurrer, the chancellor rendered a decree overruling it. From this decree the Farmers Savings and Building and Loan Association appeals, and assigns the rendition thereof as error.

S. T. WERT and LAWRENCE COOPER, for appellant. The bill in this case is manifestly without equity. It seeks to enjoin the appellant, not only from foreclosing the mortgage as to that portion of the property acquired by it, but seeks an injunction to restrain a foreclosure altogether. There is no effort to redeem. The complainants are only partial owners of the equity of redemption. They have no right against the mortgagee except the right to redeem.—*Bingham v. Vandegrift*, 93 Ala. 283 ; *Mims v. Cobbs*, 110 Ala. 577.

The bill does not show any complication in the account between Brewer and the appellant. It merely appears that there is a difference between the parties to the original contract, as to the amount due the appellant. *Attalla v. Winchester*, 102 Ala. 184 ; *Va. & Ala., &c., Co. v. Hale*, 93 Ala. 542 ; *State v. Bradshaw*, 60 Ala. 239 ; *Hudson v. Vaughan*, 57 Ala. 609 ; *Dickinson v. Lewis*, 34 Ala. 638.

ARTHUR L. BROWN and E. W. GODBEY, *contra*.—The many separate parcels of realty consisting of town lots and acreage property, all covered by the same encumbrance, must be subjected to the satisfaction of that encumbrance, in the inverse order of alienation.—*Aderholt v. Henry*, 87 Ala. 415 ; *Burton v. Henry*, 90 Ala. 281.

The chancery court will compel the mortgagee to seek satisfaction of his debt in this manner.—*Orr v. Blackwell*, 93 Ala. 212 ; *Gusdorf v. Ikelheimer*, 75 Ala. 148 ; *Gordon v. Bell*, 50 Ala. 213.

Equity will, in such case, enjoin a sale under the power by virtue of its general jurisdiction, to compel a

[The Farmers Sav. & Bldg. & Loan Asso. v. Kent & Sabotka.]

marshalling of assets.—*Hays v. Ward*, 4 Johns. Ch. 123 ; *Weaver v. Toogood*, 1 Barb. 243 ; *C. R. R. Co. v. Brown*, 12 L. R. A. 84.

The excess of the value of the property over the amount of the mortgage debt ; the great number of the several parcels and owners of the encumbered property ; the ability and desire of many to purchase one of the separate parcels, but not all ; the confusion and complications of the rights of the various parties *inter se*, and the obstructions to their individual rights of redemption, which a sale in the aggregate, under the power, would entail, furnish a well recognized ground for interference by injunction.—26 Amer. & Eng. Encyc. of Law, 973 ; *McCalley v. Otey*, 90 Ala. 302 ; *New England Mortg. Sec. Co. v. Powell*, 97 Ala. 483 ; *Olcutt v. Bynum*, 17 Wall. 44 ; *A. P. Works v. Williams*, 106 Ala. 324 ; *Holmes v. Turner Falls Co.*, 150 Mass. 538 ; *Ellsworth v. Lockwood*, 42 N. Y. 89 ; *Lalor v. McCarthey*, 24 Minn. 417.

The uncertainty of the amount of the debt and the dispute between the parties thereto, as to the amount thereof, is a good reason for arresting the exercise of the power.—10 Amer. & Eng. Encyc. of Law, 814 ; 26 Amer. & Eng. Encyc. of Law, 972 ; *Hinson v. Brooks*, 67 Ala. 491 ; *Shultz v. Hanshbraugh*, 22 Gratt. 567 ; *Miller v. Stone*, 84 Va. 834 ; *Drayton v. Chandler*, 93 Mich. 383.

The bill does not seek to compel or restrain foreclosure but only to prescribe the order and amount thereof, and adjust the various equities between the several parties.—*Alston v. Morris*, 113 Ala. 506 ; *Orr v. Blackwell, supra* ; 26 Amer. & Eng. Encyc. of Law, 975.

HARALSON, J.—The principle is well settled, that when one mortgages his lands to another, there remains in the mortgagor only an equity of redemption.—*Kelly v. Langston*, 78 Ala. 203, 204 ; *Bingham v. Vandegrift*, 93 Ala. 283, 285.

Again we have held, that a junior incumbrancer, will not be allowed to go into equity to enforce the incumbrance of the senior, and his own, for the payment, first, of the demand of the senior, and, next, his own. *Mims v. Cobb*, 110 Ala. 578.

There is a marked distinction, however, between a junior incumbrancer, and a grantee of lands sold sub-

sequent to the mortgage. "The mortgagor can convey the entire mortgaged premises to a single grantee; or he can convey them in parcels to different grantees simultaneously or successively, or he can convey a portion and retain the residue. When a mortgagor conveys by a deed absolutely silent with respect to an outstanding mortgage, the grantee, of course, takes the land encumbered by the mortgage, if he had actual notice of it, or constructive notice by record or otherwise."—3 Pom. Eq. Jur. § 1205.

The same author in section 1224 of his work, again says: "Whenever the mortgagor has conveyed separate parcels of the mortgaged premises by warranty deeds to successive grantees, and there are no special provisions in any of their deeds, and no other dealings between themselves or with the mortgagor which disturb the equities otherwise existing, a priority results, depending upon the order of conveyance. As between the mortgagor and all the grantees, the parcel in his hands, if any, is primarily liable for the whole mortgage debt, and should be exhausted before having recourse to any of theirs; as between the grantees, their parcels are liable in the inverse order of their alienation, and any parcels chargeable first in order, must be exhausted before recourse is had to the second." An apt illustration is given by the annotator in the note to this section: "A mortgagor divides the lands subject to the mortgage into five lots. He conveys lot 1 by warranty deed to A, and afterwards, by successive deeds, lots 2, 3, and 4, to B, C, and D, and retains lot 5 to himself. Lot 5 is then the primary fund, and must be first sold, and if it satisfies the mortgage debt, the four other lots are freed. If the proceeds are not sufficient, then lot 4 must be sold, and only so far as is necessary to satisfy the mortgage debt, lots 3, 2, and 1, are sold in the inverse order of their alienation." The principle announced is sustained by citations from apparently all the States,—including our own,—except the States of Kentucky and Iowa, where a different rule prevails. In such cases, says Mr. Jones: "It is generally regarded as only equitable, that the mortgagee, when he afterwards proceeds to foreclose his mortgage, should be required to sell in the first place such part, if any, as the mortgagor still retains, and then the parts that have been

sold in the same subdivisions, but beginning with the parcel last sold by the mortgagor."—2 Jones on Mort. § 1620; *N. W. L. Asso. v. Harris,* 114 Ala. 468; *Burton v. Henry,* 90 Ala. 281; *Aderholt v. Henry,* 87 Ala. 415; *Prickett v. Sibert,* 75 Ala. 315; *M. M. D. & M. Ins. Co. v. Huder,* 35 Ala. 713.

In this case, the mortgagor, Brewer, after executing the mortgage to appellant, sold different parcels of the land consisting of several lots and parcels, to different persons, at different times, and gave them warranty deeds which made no mention of the mortgage, and contracted to sell another parcel to still another party, the purchase money for all of them, aggregating $1,800, and retained a portion of the lands, which he did not sell and convey. The complainants are grantees ahead. in point of time, to two others of the defendants.

It should be added, that the twenty shares of stock in the Association, in which the money borrowed was invested, were also embraced in the mortgage as a security for the loan, in addition to the mortgaged lands.

The mortgagee Association was seeking to foreclose its mortgage on all the lands included in the mortgage, and the bill was filed, to require the sale to be made in accordance with the principle above announced. Its equity is manifest, as was held by the chancellor in overruling the demurrer questioning its equity.

The mortgaged debt remaining upaid, as claimed by the mortgagee, as is alleged, is about $480, and the mortgagor, Brewer, as is averred, claims to have paid it in full. What that debt may be, if anything, will depend upon a statement of the account between the mortgagor and the mortgagee, involving an ascertainment of the payment to said Association by the mortgagor of the fines made against him; if any, of the interest due on the loan, the profits accruing to the mortgagor's stock, etc., etc., as required by the by-laws of said company, and upon the fact, whether the profits of his stock, according to the scheme in which it was placed, have equalled the loan, and if not, how far they have gone in reduction of the same,—facts, as to which complainants aver their ignorance. There were many conditions as provided in the mortgage, for the maturity of the loan and default of the mortgage, rendering it foreclosable. It appears the proceeding by the mortgagee Association

to foreclose the mortgage, was not begun for nearly five years after said loan and mortgage to secure it were made, from which it is inferable, that the borrower had complied with its conditions up to a short while before. From this the inference may also be indulged, that much of the loan has been absorbed in credits by profits, but how much, it is manifest that the complainants did not know and could not state more fully than they have. It is fair and equitable, therefore, that a statement of the balance, if any remaining, due by the mortgagor shall be ascertained, in doing which, we are unable to see with what right or contract between said company and the borrower, the court will interfere.—*McCalley v. Otey*, 90 Ala. 302.

In a case like this, where all indebtedness is denied by the mortgagor, where the account runs through many years, and its statement can be made intelligently only by the defendant, on answer to interrogatories propounded to him in the bill; where the mortgage security appears to be worth largely more than the largest sum that can be claimed, and where the damaging consequences of a sale, such as it appears the defendant Association is proceeding to make, far outweigh the advantages to be gained by making the sale, the safe rule is to retain the injunction until the account [is [taken. *Hinson v. Brooks*, 67 Ala. 491.

The decree of the chancellor is affirmed.