# Hunter *v.* Mellen.

*Bill in Equity to set aside Foreclosure Sale and to Redeem.*

1. *Bill to set aside foreclosure sale and to redeem; when without equity; case at bar.*—In a bill filed seeking to have a foreclosure sale under a power contained in a mortgage set aside, and to be let in to redeem, the following facts were averred:

[Hunter v. Mellen.]

Complainant executed a mortgage to secure a loan of money. The respondent, at the request of the complainant, that he would pay off the loan for him, became the transferee and owner of the notes evidencing the debt and said mortgage given to secure their payment. At the time of such request, the respondent contracted and agreed with the complainant that he would give the complainant the management of the lands for three years, and at the end of said time make a deed to him conveying 200 acres of the land, embracing the complainant's homestead. After the transfer of the mortgage to the respondent, default was made and the mortgage was duly foreclosed under its power, and the respondent became the purchaser thereof as he was authorized to do under the provisions of the mortgage. There was no averment of fraud or unfairness as to the foreclosure proceedings, but it was averred in general terms that the respondent had deceived, over-reached and imposed upon the complainant in the transaction. *Held*: That the bill was without equity, and properly dismissed upon demurrer.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant against the appellee. The facts of the case are sufficiently stated in the opinion.

McEACHIN & SMITH, for appellant.—Fraud vitiates everything; and an asserted title founded upon fraud is utterly void, and a court of chancery alone has the power to so declare it.—See 3 Brick. Dig. 507-8, §§ 1, 5; *Struve v. Childs*, 63 Ala. 473; *Loan Association v. Lake*, 69 Ala. 465; *Loveless v. Hutchison*, 106 Ala. 417; *McCulley v. Otey*, 90 Ala. 306.

It is not required that fraud should be proved by positive evidence, but like other facts, may be proven by the circumstances, each inconclusive, but all together leading to a well grounded, rational belief of its existence. *Thomas v. Rembert*, 63 Ala. 561.

Great latitude is allowed in the range of the evidence when the question of fraud is involved. It is indispensable to truth and justice that it should be so; for it is hardly ever possible to prove fraud, except by a

comprehensive and comparative view of the acts of the party to whom the fraud is imputed, and his relative position a reasonable time before and a reasonable time after the time at which the act of fraud is said to have been committed.—*Durr v. Jackson,* 59 Ala. 203.

It has been held that a person in order to avail himself of a statutory right of redemption must tender the amount due with interest, etc., but this is not an iron-clad rule, and where there is a good and sufficient excuse it need not be done.  In passing upon the statutory right of redemption in the case of *Butler v. Hannah,* 103 Ala. 481, our Supreme Court said: "The condition precedent to the statutory right of redemption is to tender the amount due and ten per cent. per annum, and the burden is on the redemptioner to show tender; or to prove facts which constitute a sufficient cause for failure to make tender."—*Lehman, Durr & Co. v. Moore,* 93 Ala. 186; *Aycock v. Adler,* 87 Ala. 190.

ED. DEGRAFFENRIED, *contra.*—The effect of a regular foreclosure of a mortgage, under the power of sale contained in the mortgage, is equivalent to a strict foreclosure by a court of equity.—*Aiken v. Bridgford,* 84 Ala. 295; *Childress v. Monette,* 54 Ala. 317; *Powers v. Andrews,* 84 Ala. 289.

Where a man does an act, which under the law he has a right to do, the law will justify such act without regard to the intent with which the act was done.—*Hodges v. Coleman,* 76 Ala. 119.

The sale under the power could not have been oppressive on Hunter, or injuriously affected him.  The sale was publicly made with notice to the world, and with the right to the world to come in and bid.   After the sale the statutory right of redemption existed in him. and if, at the sale, the property brought more than the amount due on the mortgage, Hunter even now has his action for the recovery of the difference between the amount bid and the amount due on the mortgage. *Hayes v. Woods,* 72 Ala. 92.

DOWDELL, J.—The purpose and object of complainant's bill as amended is to set aside a foreclosure sale

made under the powers contained in the mortgage and to be let in to redeem. The bill is not framed with a view to the exercise of the statutory right of redemption, but it is insisted by counsel for appellant in argument that for reasons stated in the bill the foreclosure sale had under the mortgage should be set aside and the complainant have the benefit of his equity of redemption under the mortgage, and the respondent be held to an accounting for rents, incomes and profits while in possession of the mortgaged property. The cause was submitted for final decree upon the pleadings and proof, and a decree was made by the chancellor sustaining the respondent's demurrer, which went to the equity of the bill, and dismissing the same for want of equity. From this decree this appeal is prosecuted.

The statements of the bill show that the complainant made a mortgage to the Loan Company on the lands in question to secure the payment of his several notes executed by him to said loan company for borrowed money. The respondent became the transferee and owner of said notes and mortgage. The mortgage contained power of sale upon default made in the payment of the notes, and also authorized the mortgagee or his assignee to become purchaser at such sale. Default was made and the mortgage was duly foreclosed under its powers; the said respondent assignee becoming the purchaser. It is not pretended in the bill that there was any unfairness, or even irregularity, in the foreclosure proceedings, all of which the complainant had full notice of; but it is averred by the complainant that the respondent became the transferee and owner of said notes and mortgage upon his request made to respondent to pay off the loan company and to take and hold the mortgage, and that at the time such request was made that respondent stipulated and agreed with complainant that the complainant should manage and control the plantation for a term of three years, the respondent to give complainant and his family a support out of the place duing said term of three years, and at the end of that time to make and execute a deed to complainant conveying to him the 200 acres of said land embracing the homestead on said

place. It is also charged that the respondent made this
agreement for the purpose of being enabled thereby to
acquire a title to said lands and that he never intended
to carry out said agreement. It is also averred in general
terms that the respondent had deceived, over-
reached and imposed upon the complainant in the trans-
action. It is also averred in the bill that the price at
which the lands were bid in at the foreclosure sale was
greatly disproportionate to the real value of the land.
The statements of the bill show that the respondent bid
in the land at the foreclosure sale for about $6,000,
which, according to the statement in the bill, was the
balance of the sum due by the complanant on the mort-
gage debt. The prayer of the bill is that the foreclosure
sale be declared null and void, and that the same be set
aside, and that complainant be allowed to redeem the
lands, and that respondent be held to an accounting for
the rents, incomes and profits for the time he has been
in the possession of the same.

In determining the question as to the equities of the
bill, the fact that the respondent became a purchaser and
owner of the mortgage at the instance of the complainant
is wholly immaterial. The contract or agreement averred
in the bill to have been made by respondent with com-
plainant at the time the respondent became the owner
of the loan company mortgage, to the effect that re-
spondent would give complainant the management of
the place for a term of three years and a support out of
same to complainant and his family for said time, and
at the end of said time to make a deed conveying 200
acres of the land to complainant, if supported by any
consideration and not obnoxious to the statutes of
fraud, which questions we do not pretend to decide,
might afford to the complainant a right of action in a
court of law upon a breach of the same, but no ground
for seeking relief in a court of equity.

The purpose of the bill is to set aside the foreclosure
sale and to let the complainant in to redeem, or, in other
words, to have the benefit of his equity of redemption
under the mortgage, and this can only be reached by
annulling and setting aside the foreclosure sale; and to

accomplish this sufficient grounds and reasons must be averred and shown. Upon a careful inspection and consideration of the bill, there is not a single charge or averment of fraud or unfairness as to the foreclosure proceedings. The mortgage indebtedness is not questioned, and when the respondent became the owner of it by his purchase he became clothed with all of the rights and powers under it that rested in the original mortgagee. The foreclosure proceedings being regular, the sale under the power contained in the mortgage is equivalent to a strict foreclosure by a court of equity.—*Aiken v. Bridgeford*, 84 Ala. 295; *Powers v. Andrews*, 84 Ala. 289; *Childress v. Monette*, 54 Ala. 317. The respondent being the owner of the mortgage, and default having been made by the mortgagor, the respondent had the right to foreclose the mortgage under its terms, and the act being lawful, the law will justify it without regard to the intent with which the act is done In *Hodges Bros. v. Coleman & Carroll*, 76 Ala. 119, it was said by this court: "The act, we have seen, is lawful. Can human tribunals set aside an act, lawful in itself, because the actor has an evil motive in doing it? Can there be fraud in doing a lawful act, though it be prompted by evil motives and badges of fraud?" See also 3 Brick. Dig. 517, §§ 137-140, and authorities cited.

The fact that the lands sold at the foreclosure sale for a price greatly disproportionate to their real value does not invalidate or affect the sale.—*Ward v. Ward*. 108 Ala. 278.

We fail to see wherein the complainant was injuriously affected by the foreclosure of said mortgage any more than any debtor is affected by a foreclosure after default made by him under the mortgage which he has executed. What was done by the respondent was authorized by the complainant by the very terms of his contract in the mortgage. Under the averments of the bill, we cannot see how the chancellor could have done otherwise than to sustain the demurrer and dismiss the case.

The decree of the chancery court is affirmed.