(102 So. 29)

**VINES v. WILCUTT et al. (6 Div. 161.)**

(Supreme Court of Alabama. Oct. 16, 1924. Rehearing Denied Nov. 20, 1924.)

On Rehearing.

1. Marshaling assets and securities  7—
Junior mortgagee, having notice and failing to assert his equities before complete sale of premises by senior mortgagee, not entitled to remedy.

Junior mortgagee, having notice but permitting senior mortgagee in regular manner to exercise power of sale contained in his mortgage, waives his equities, and cannot have such sale set aside and invoke remedy of marshaling assets.

2. Mortgages  336—Senior mortgagee exercising power of sale not required to protect rights of junior mortgagee.

No obligation rests upon senior mortgagee exercising power of sale, to protect equitable rights of junior mortgagee if not claimed or asserted, except those of infants and others sui juris.

---

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Mortgages ⬅378 — Sale under power by senior mortgagee binds junior mortgagee as though made party to foreclosure suit.**

Sale by senior mortgagee under power in mortgage, where no fraud or inequitable conduct is charged against him, binds a junior mortgagee, as though latter had been made a party to foreclosure suit followed by decree and sale.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by Latt V. Vines against J. W. Wilcutt and others to foreclose a mortgage, etc. From a decree denying relief, complainant appeals. Affirmed.

A. F. Fite, of Jasper, and Pinkney Scott, of Bessemer, for appellant.

Complainant is not bound by the statute for redemption, but may proceed as for equity of redemption. Wiley v. Ewing, 47 Ala. 418; Pitts v. Mortgage Co., 157 Ala. 56, 47 So. 242; George v. Wood, 93 Mass. (11 Allen) 41; Dooley v. Potter, 140 Mass. 49, 2 N. E. 935; Green v. Dixon, 9 Wis. 532.

W. C. Davis and Curtis, Pennington & Pou, all of Jasper, for appellees.

Redemption cannot be exercised except as to the whole property. Morrison v. Formby, 191 Ala. 104, 67 So. 668; Code 1907, § 5748; Francis v. White, 160 Ala. 523, 49 So. 334; Cowley v. Shields, 180 Ala. 48, 60 So. 267; Lehman v. Moore, 93 Ala. 186, 9 So. 590. No redemption can be had without tender of the amount due on the mortgage. Wittmeier v. Cranford, 199 Ala. 1, 73 So. 981; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Wootten v. Vaughn, 202 Ala. 684, 81 So. 660; Snow v. Monte Sano Land Co., 206 Ala. 310, 89 So. 719; Beatty v. Brown, 101 Ala. 695, 14 So. 368; Fouche v. Swain, 80 Ala. 151; Given v. Troxel (Ala. Sup.) 39 So. 578; Roulhac v. Jones, 78 Ala. 398; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Murphree v. Summerlin, 114 Ala. 54, 21 So. 470; Randolph v. Bradford, 204 Ala. 378, 86 So. 39. A sale under the power in a mortgage cuts off the equity of redemption. Jackson v. Tribble, 156 Ala. 489, 47 So. 310; Powers v. Andrews, 84 Ala. 289, 4 So. 263; Smith v. Jack, 209 Ala. 522, 96 So. 419; Hamilton v. Cody, 206 Ala. 104, 89 So. 240.

GARDNER, J. The original bill in this cause was filed by the appellant against the respondent J. W. Wilcutt and his wife, Mary Wilcutt, seeking a correction of description as to 40 acres of land embraced in a mortgage executed by respondents to complainant, and a foreclosure of the mortgage as thus corrected. In the amendment to the bill, however, it was alleged that this particular 40 was not owned by the mortgagors at the time of the execution of the mortgage to the complainant, and therefore was not subject to the lien of said mortgage. In view of this amendment, therefore, that feature of the bill seeking a correction of this description may be laid out of view, for, very clearly, the complainant can take nothing by the failure of the court to enter a decree correcting the description of this particular 40.

By another amendment to the bill the complainant alleged that after the filing of the original bill he learned that one S. N. Morris was advertising with a view of foreclosing a mortgage executed by the respondents J. W. Wilcutt and wife in 1907, which was some years prior to complainant's mortgage, and which embraced lands also included in the mortgage to complainant.

The bill as amended shows a foreclosure of the said S. N. Morris mortgage, but Morris was not sought to be made a party respondent to the bill until some time after the foreclosure sale had been completed. The amended bill contains averments attacking the validity of the Morris mortgage, and also seeking to establish against Morris an equitable estoppel; but these features of the amended bill are confessedly without support in the evidence, and may be laid out of view. Morris was made a party respondent by this amendment, and after the demurrer was overruled, answered the bill.

The cause was submitted for final decree on pleadings and proof, resulting in a decree dismissing the bill; from which decree the complainant has prosecuted this appeal.

The mortgage of S. N. Morris was duly recorded and has preference over that of complainant, that it was duly foreclosed under the power of sale contained therein, at which sale the said Morris (as fully authorized by the mortgage) became the purchaser, and that this foreclosure was had and fully completed prior to the time of the filing of the amended bill seeking to have said Morris made a party respondent, is all established without conflict. The mortgage to S. N. Morris embraced other lands not included in the mortgage to complainant.

The question of paramount importance presented on this appeal relates to the insistence of counsel for appellant to the effect that the complainant had a right as junior mortgagee to exercise the equity of redemption notwithstanding the foreclosure under the power of sale in the Morris mortgage, and this is sought to be done by offering to pay the debt due Morris under his mortgage less the value of the land embraced in the Morris mortgage and not included in that to complainant.

As opposed to this contention, it is urged that even in the exercise of the equity of redemption complainant should offer to pay the whole debt, and, failing to do so, the bill is

without equity (27 Cyc. 1826; Francis v. White, 166 Ala. 409, 52 So. 349); but we do not reach a consideration of that question.

We are of the opinion that the foreclosure sale under the power contained in the mortgage cut off this equity of redemption and left remaining only the statutory right. It is to be observed that no effort is here made to exercise the statutory right of redemption, and counsel for appellant rest their case upon the right to exercise the equity of redemption, as previously stated. They rely upon the language of this court in Wiley Banks v. Ewing, 47 Ala. 418, to the effect that where a senior mortgage had been foreclosed under judicial proceedings, and the junior mortgagee had not been made a party thereto, he is not barred of the right to redeem. See, also, note to Jones v. Williams, 36 L. R. A. (N. S.) 426 (155 N. C. 179, 71 S. E. 222). The Wiley-Banks Case, supra, is not here in point. Here, there was a regular sale under the power contained in the mortgage, and the following language of this court in Powers v. Andrews, 84 Ala. 289, 4 So. 263, finds full application:

"But this sale under the power as effectually cut off this equity of redemption, and destroyed all rights incident to it, as if there had been a strict foreclosure by judicial procedure in a court of chancery, and the junior mortgagee had been made a party to it. When a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular subpœna in an ordinary foreclosure suit. Childress v. Monette, 54 Ala. 317. The sale, in other words, destroys the equity of redemption, and in this state transmutes it into a naked statutory right of redemption, limited to two years, with new incidents, privileges and liabilities, which are particularly set forth in the statute."

The foregoing language has found repeated approval in subsequent decisions. Aiken v. Bridgford, 4 So. 266, 84 Ala. 295; Hunter v. Mellen, 127 Ala. 343, 28 So. 468; Allison v. Cody, 206 Ala. 88, 89 So. 238; Jackson v. Tribble, 156 Ala. 480, 47 So. 310. To use the language of Hunter v. Mellen, supra:

"The foreclosure proceedings being regular, the sale under the power contained in the mortgage is equivalent to a strict foreclosure by a court of equity."

The case of Pitts v. F. L. Mortgage Co., 157 Ala. 56, 47 So. 242, cited by counsel for appellant, was for the purpose of disaffirming and setting aside a foreclosure sale to the end that the equity of redemption might be exercised, and is therefore without influence upon the instant case.

Here, the foreclosure sale was regular and stands unimpeached, and the complainant seeks to exercise the equity of redemption notwithstanding the sale was under the power contained in the mortgage, and effectually cut off and barred the equity of redemption.

The bill as amended seeking that relief was without equity, and properly dismissed.

Let the decree be affirmed.

Affirmed.

ANDERSON. C. J., and SAYRE and MILLER, JJ., concur.

On Rehearing.

GARDNER, J. Counsel for appellant upon this application for rehearing strenuously insist that the authorities noted in the original opinion are not in point, for the reason that in those cases the mortgages involved embrace the same property, while in the instant case appellant's mortgage included only 160 acres of the 320 acres in the senior mortgage. Appellant seeks to invoke the equitable principle of marshaling assets, which is well recognized by the authorities. 3 Pomeroy's Eq. Jur. §§ 1224–1226; 3 Jones on Mortgages, §§ 1620–1622; Farmers' Sav. & Bldg. Ass'n v. Kent, 117 Ala. 624, 23 So. 757; Prickett v. Sibert, 75 Ala. 315; Interstate Land Co. v. Logan, 196 Ala. 196, 72 So. 36; Threefoot Bros. v. Hillman, 130 Ala. 244, 30 So. 513, 89 Am. St. Rep. 39; Pitts. v. Am. Freehold L. & M. Co., 123 Ala. 469, 26 So. 286.

In Farmers' Sav. & Bldg. Ass'n v. Kent, supra, is the following quotation from Pomeroy, Eq. Jur.:

"Whenever the mortgagor has conveyed separate parcels of the mortgaged premises by warranty deed to successive grantees, and there are no special provisions in any of their deeds, and no other dealings between themselves or with the mortgagor which disturb the equities otherwise existing, a priority results, depending upon the order of conveyance. As between the mortgagor and all the grantees, the parcel in his hands, if any, is primarily liable for the whole mortgage debt, and should be exhausted before having recourse to any of theirs; as between the grantees, their parcels are liable in the inverse order of their alienation, and any parcels chargeable first in order must be exhausted before recourse is had to the second."

In section 1620 of Jones on Mortgages, supra, the author states:

"When the mortgagor has made successive sales of distinct parcels of the mortgaged land to different persons by warranty deeds, it is generally regarded as only equitable that the mortgagee, when he afterwards proceeds to foreclose his mortgage, should be required to sell in the first place such part, if any, as the mortgagor still retains, and then the parts that have been sold in the same subdivisions, beginning with the parcel last sold by the mortgagor."

And in section 1621 is the further statement:

"These equitable considerations have led to the adoption of the rule that the mortgagee in such case shall sell the mortgaged land in the inverse order of its alienation by the mortgagor; and it will be seen by the cases cited that this rule has been generally adopted."

And in the following section (1622) it appears that this rule has been generally held to apply to subsequent mortgages of the equity of redemption as well as to absolute conveyances of it. The foregoing authorities from our own state disclose that this equitable principle has been given free application.

[1] We still entertain the view, however, that appellant cannot now obtain the benefit of this principle. The facts as here disclosed must be borne in mind—the mortgage of the respondent was a senior mortgage, of which complainant as junior incumbrancer had full notice. It was properly and validly foreclosed. Of this the junior incumbrancer was aware, but took no steps to intervene, and asked the aid of a court of equity in marshaling the assets, in order that that portion of the land embraced in his mortgage might be exonerated either wholly or in part. He permitted the foreclosure to be fully executed, and seeks now to exercise the equity of redemption, ignoring entirely the valid foreclosure of the mortgage. His insistence is the mortgagee owed an absolute duty in executing the power of sale to sell first the land not embraced in the junior mortgage, and the failure to observe this absolute duty renders the sale voidable.

There is no fraud or inequitable conduct charged to the senior mortgagee. His foreclosure was valid, and is here not assailed; but the argument is that, because he knew of the existence of the junior mortgage, his foreclosure proceedings must be conducted so as to protect the rights of the junior incumbrancer. In discussing this question, Mr. Pomeroy, in his work on Equity Jurisprudence, at section 1226, supra, said:

"Although the equities between the subsequent owners of various parcels of the mortgaged premises, whether equal or unequal, do not prevent the mortgagee from enforcing the mortgage security, if necessary, against all these parcels, yet after the mortgagee has received notice of the subsequent conveyance, the equities affect him to such an extent that he cannot deal with the whole premises, or with any parcel thereof, or with the owner of any parcel, by release or agreement, so as to disturb the equities subsisting among the various owners, or to destroy their rights of precedence in the order of liability, or to defeat their rights of ratable contribution, or of complete or partial exoneration."

This principle was recognized in the recent case of Grace v. Montgomery, 209 Ala. 386, 96 So. 430, wherein it was held that the rights of a junior mortgagee for the exercise of the equities of redemption conveyed to him by virtue of his mortgage, and of which the senior mortgagee had notice, cannot be affected by any private arrangement or agreement by the mortgagor and the senior mortgagee.

Here, there is no question of release or private agreement between the mortgagor and senior mortgagee involved, but only the valid exercise of the power of sale conferred in the mortgage. We have found no authority in this state, which holds to the view that under such circumstances the senior mortgagee is restricted in the exercise of the power of sale conferred in the mortgage, so as to assert for the junior mortgagee his equities of exoneration. In many of our cases in the assertion of this equitable right by the junior incumbrancer, the forecloser of the mortgage has been restrained pending the litigation. Howser v. Cruikshank, 122 Ala. 256, 25 So. 206, 82 Am. St. Rep. 76; Farmers' Sav. & Bldg. Ass'n v. Kent, 131 Ala. 246, 30 So. 874; Interstate Land Co. v. Logan, supra.

In Pitts v. Am. Freehold L. & M. Co., 157 Ala. 56, 47 So. 242, in the original opinion as reported on first appeal (123 Ala. 469, 26 So. 286), the mortgagee purchased at the sale without authority, and the foreclosure was sought to be avoided and the equity of redemption asserted.

In Threefoot Bros. v. Hillman, supra, the foreclosure sale was attacked as fraudulent and thus sought to be avoided to exercise the equity of redemption.

Here, the complainant seeks to avoid the foreclosure sale upon the sole ground that the mortgagee did not so conduct the sale as to assert for the junior incumbrancer his equitable rights. We are cited to no authority in this state holding voidable a sale upon this ground, and, indeed, those cases cited by counsel for appellant in other jurisdictions are not persuasive. The case of George v. Wood, 11 Allen (93 Mass.) 41, rests upon a statutory provision of that state, and the opinion expressly states that the suit was brought "before the right of redemption expired." As explanatory of its statutory system concerning foreclosures in the state of Massachusetts, we take the following from the case of Dooley v. Potter, 140 Mass. 49, 2 N. E. 935:

"The foreclosure and redemption of mortgages are regulated by statute. Foreclosure is worked by three years' possession for the purpose of foreclosure, and the possession for that purpose may be attained—not to notice the exceptional cases in which a bill in equity to foreclose will lie—by a writ of entry, or by entry in pais. Each is a statutory proceeding for obtaining possession for foreclosure. Under a writ of entry, the amount due on the mortgage is ascertained by the court, and the judgment is conditional, that, if the amount is not paid within a certain time, the plaintiff shall have possession. After possession obtained in either mode, the right of redemption continues

for three years, and, if it is not exercised within that time, the foreclosure becomes absolute. It may be that possession acquired by action is, under the statute, as conclusive upon every right of redemption as possession acquired by entry in pais."

The case of Green v. Dixon, 9 Wis. 532, is merely to the effect that the foreclosure of the mortgage by bill in equity, in which suit the plaintiff was not made a party, the equity of redemption was not cut off, the court saying:

"The equity of redemption was conveyed to her by the deed from Ring and wife, and it has never been foreclosed."

In this respect the case is similar to that of Wiley Banks v. Ewing, citing in the opinion.

In De Haven v. Musselman, 123 Ind. 62, 24 N. E. 171, speaking to a question similar to that here involved, the court said:

"At the time of the foreclosure proceedings appellant knew all the facts. She could have protected her rights in that action, and required the one-half of the real estate sold to Nice to be first sold to satisfy the balance of the mortgage debt, but she failed to do so, and the whole tract was ordered sold, and she waived her right to have the portion sold to Nice first sold, and the proceeds applied to the payment of the debt."

Indeed, the question in this case is whether the junior incumbrancer must first assert his rights or merely stand by and require the senior mortgagee to assert them for him. We are fully persuaded that the junior incumbrancer must assert his own equities. This seems to be fully sustained by what was said in Prickett v. Sibert, 75 Ala. 315, as follows:

"The general rule is indisputable, that if lands are subject to mortgage, or to the lien of the vendor for the payment of the purchase money, or to other paramount incumbrance, and are sold successively in different parcels to different persons, a court of equity, in decreeing a sale of them for the satisfaction of the mortgage, or the lien of the vendor, or in charging them with the incumbrance, will pursue the inverse order of alienation, first, however, charging such of the lands as the vendee may retain, if he retains a part of parcel. * * * This is an equity of the several purchasers, and must be claimed and asserted by them. If not claimed and asserted, it is not obligated upon the court, unless the rights of infants, or others not sui juris are involved, to mould its decrees so that the equity will be enforced."

It was held that the several equities of the purchasers must be claimed and asserted by them, and that no obligation rests upon the courts to so protect their rights if not so claimed and asserted, excepting, of course, the rights of infants or others not sui juris.

[2] Certainly, if the courts are under no obligation to assert and claim the equities of the subsequent purchaser, the senior incumbrancer should likewise be under no such obligation.

[3] Conceding, therefore, that the junior incumbrancer could have enforced his equities and required a marshaling of assets prior to the foreclosure, yet standing by and permitting the foreclosure to proceed to its full completion, he has lost his rights by a failure to assert them. This is necessarily true under our decisions giving effect to the execution of a power of sale in a mortgage as shown in Powers v. Andrews, supra. A valid exercise of this power of sale effectually cuts off the equity of redemption, and destroys all rights incident to it, as if there had been a strict foreclosure and the junior mortgagee made a party thereto. When a regular sale is made under the power, the mortgagor and all persons claiming any interest in the equity of redemption by privity of estate with him are considered as parties to the proceeding, and are precluded by it, as fully as if they had been made parties defendant in an ordinary foreclosure suit. As pointed out in the original opinion, the language of Powers v. Andrews, supra, has been frequently approved in subsequent decisions.

It follows therefore that the foreclosure, as was originally held, cut off the equity of redemption, leaving only the statutory right of redemption which is not sought to be here exercised. We have reached the conclusion, upon a reconsideration of this cause, that the original opinion should stand, and the application for rehearing should be overruled.

Application overruled.